UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:  
Paulo Cabral,  
Debtor

Chapter 13# 11663-JNF

DEBTOR'S EX-PARTE MOTION FOR
RE- INSTITUTION OF THE AUTOMATIC STAY

To the Honorable Joan N. Feeney, Bankruptcy Judge:

Now comes the debtor in the above entitled action and, pursuant to Local Bankruptcy Rule 9013-1(i) moves that this Honorable Court, Ex-Parte Re-Impose the Automatic Stay under Bankruptcy Code Section 362, in order to maintain the status quo pending a hearing on the Debtor's Motion to Re-Open these Chapter 13 proceedings. In support thereof the Debtor States as follows:

1. A foreclosure sale of the Debtor's residence was scheduled for March 10, 2005.

2. On the morning of March 9, 2005, the Debtor retained his counsel who drafted (i) a Declaration of Homestead for the Debtor and (ii) a skeleton Chapter 13 to be filed. Immediately there after the Debtor drove his counsel first to the Essex County Registry of Deeds where the Declaration of Homestead was recorded the then into Boston to the Bankruptcy Court where the skeleton 13 was filed and the filing fee paid.

3. Thereafter, Debtor's counsel, an insulin dependant diabetic, became substantially disabled because of an inability to maintain insulation balances. During this period of time said counsel was unable to file all necessary documents as required.

4. The failure of the Debtor to complete his filings and to attend the Section 341 meeting on April 6, 2005. is not the result of anything done, or not done, by the Debtor. These failures are solely attributable to his counsel's poor health at the time.

5. The Debtor has: (i) filed a Motion to Re-Open these Chapter 13 proceedings and his counsel has paid the fee therefore, (ii) filed a Motion for Expedited Hearing of said Motion, (iii) filed with the court all missing Schedules, Statements, Plan with Certificate of Service thereof, and all other documents necessary.

6. Although CountryWide Home Mortgage, the foreclosing mortgagee, has not yet, to the Debtor's knowledge, re-scheduled the foreclosure sale, in the absence of the Stay they could do so, thus frustrating the Debtor's attempt to re-open this case.

Dated: April 10, 2005

By his attorney

Andrew C. Schultz
BBO # 447560
10 Ames Road
Marblehead, Mass. 01945
Tel # 781-990-1323
Fax # 781-990-1185
acschultz@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify, under the pains and penalties of perjury, that I served a copy of the foregoing pleading, by first class mail, proper postage affixed, upon the following:

SHARIRO & KREISMAN
490 BOSTON POST ROAD
SUDBURY, MASS. 01776

COUNTRYWIDE HOME LOANS INC
4500 PARK GRANDA
CALABASAS, CAL. 91301-0266

CITIZEN'S BANK
PO BOX M
PROVOIDENCE, RI 02901

INTERNAL REVENUE SERVICE
ATTN: JUDITH GIARDINA
1 MONTVALE AVE.
STONEMAM, MASS. 02143

HOUSEHOLD FINANCE CO.
PO BOX 17574
BALIMORE, MD 21297

HOMEDEPOT CREDIT SERVICES
PROSSESESSING CENTER
DES MOINES, IA 50364

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES STOP 20800
PO BOX 9112
JFK BUILDING
BOSTON, MASS. 02203

MASS. DEPT. REVENUE
BANKRUPTCY UNIT
PO BOX 55484
BIOSTON, MASS. 02205

DOREEN SOLOMON, ESQ
CHAPTER 13 TRUSTEE.
180 CANAL ST.
 BOX 8250
BOSTON, MASS. 02114

OFFICE OF THE US TRUSTEE
10 CAUSEWAY STREET
BOSTON, MASS. 02222

PAULO CABRAL
435 LARAYETTE STREET
SALEM, MASS. 01970

Dated; April 10, 2005

APR11'05 PM 3:04 USB

*/s/ Andrew C. Schultz*
Andrew C. Schultz

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:                                                     Chapter 13# 11663-JNF
Paulo Cabral,
Debtor

ORDER ON
DEBTOR'S EX-PARTE MOTION FOR
RE- INSTITUTION OF THE AUTOMATIC STAY

      After consideration of the DEBTOR'S EX-PARTE MOTION FOR RE- INSTITUTION OF THE AUTOMATIC STAY, the court finds that the relief sought can not be delayed and is necessary to maintain the status quo pending the court's consideration of The Debtor's Motion to Re-Open these Chapter 13 proceedings and the Debtor's Motion for Expedited Hearing of the same. Otherwise the secured creditor, CountryWide Home Mortgage may sell the Debtor's residence before the court can consider and act on these motions.

      THEREFORE, the DEBTOR'S EX-PARTE MOTION FOR RE- INSTITUTION OF THE AUTOMATIC STAY is hereby GRANTED and the Stay provided by Section 362 of the bankruptcy Code is hereby reinstated.

Parties affected hereby may request a hearing on the subject hereof by filing a motion for review hereof within 10 days of service of this order.

Dated: April_____2005.

                                                                      Joan N. Feeney
                                                                      Bankruptcy Judge