UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:                                    )
                                          )
                                          )    Chapter 7
PAULO CABRAL,                             )
                                          )    Case No. 05-11663-JNF
            Debtor.                       )
                                          )

CHAPTER 7 TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIMS OF EXEMPTION

Harold B. Murphy (the "Trustee"), the Chapter 7 trustee in the above-captioned case, hereby objects, pursuant to Section 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003, to the exemptions claimed by Paulo Cabral (the "Debtor"), and in support of this objection avers as follows:

BACKGROUND

1.   On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code"). The Debtor's bankruptcy proceeding was converted to a case under Chapter 7 of the Bankruptcy Code on

2.   The Trustee was appointed interim trustee of the Debtor on or about November 30, 2005. The Trustee has continued to serve as trustee since that date.

3.   In his amended Schedule C, the Debtor claimed as exempt, pursuant to Sections 522(d)(3), (5) & (6) of the Bankruptcy Code, a total of $16,500 of the value of a 2002 Ford dump truck (the "Vehicle"). A copy of the Debtor's amended Schedule C is attached as Exhibit 1.

4. The Debtor allocated the $16,500 of the Vehicle claimed as exempt as follows:

    a. Section 522(d)(3) – $8,125;

    b. Section 522(d)(5) – $8,075;

    c. Section 522(d)(6) – $1,625.[1]

### ARGUMENT

5. The Trustee objects to the value of the Vehicle exempted pursuant to Sections 522(d)(3) and (6) of the Bankruptcy Code as neither of those sections permit the exemption of a vehicle.

6. Section 522(d)(3) of the Bankruptcy Code permits a debtor to exempt "[t]he debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." 11 U.S.C. § 522(d)(3).

7. The Debtor's claimed exemption of the Vehicle under Section 522(d)(3) of the Bankruptcy Code therefore fails for at least two reasons. First, the claimed exemption in the Vehicle exceeds $475. Second, the Vehicle is not the type of property permitted to be claimed as exempt under Section 522(d)(3). *Id.*

8. Section 522(d)(6) of the Bankruptcy Code permits a debtor to exempt "[t]he debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional

---

[1] Although Schedule C at this point lists the $1,625 as being exempted pursuant to Section 522(d)(5) of the Bankruptcy Code, the Trustee assumes this was an error for the following reasons. First, Section 522(d)(6) was cited in the part of Schedule C where the Debtor listed the "Specific Law Providing Each Exemption." Second, under the part of Schedule C where the Debtor listed the "Value of Claimed Exemption," the Debtor listed two values as being exempt under Section 522(d)(5), and no value as being exempt under Section 522(d)(6). It therefore appears that the Debtor mistakenly omitted Section 522(d)(6) from this part of Schedule C and erroneously listed Section 522(d)(5) twice.

books, or tools, of the trade of the debtor or the trade of a dependent of the debtor." 11 U.S.C. § 522(d)(6).

9.      The Debtor's claimed exemption of the Vehicle under Section 522(d)(6) of the Bankruptcy Code therefore fails because the Vehicle is not the type of property permitted to be claimed as exempt under Section 522(d)(6). *Id.*

WHEREFORE, the Trustee requests that the Court: (a) deny the Debtor's claimed exemption of the Vehicle to the extent of the amounts sought as exempt pursuant to Sections 522(d)(3) and (6) of the Bankruptcy Code; and (b) provide such other and further relief as may be just.

                                Harold B. Murphy,
                                Chapter 7 Trustee:
                                By his counsel,

                                /s/ D. Ethan Jeffery
                                Harold B. Murphy, BBO #326610
                                D. Ethan Jeffery BBO #631941
                                Hanify & King, P.C.
                                One Beacon Street
                                Boston, MA 02108
                                (617) 423-0400
                                (617) 556-8985 (fax)

Dated: January 20, 2006
::ODMA\PCDOCS\DOCS\444834\1

# EXHIBIT 1

In re  Paulo Cabral                                                                 Case No.  05-11663
        **Debtor**                                                                              (If known)

# SCHEDULE C--PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under (Check one box)

[X]  11 U.S.C. 522(b)(1) Exemptions provided in 11 U.S.C. 522(d).  **Note: These exemptions are available only in certain states.**

[ ]  11 U.S.C. 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile
has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| CASH on hand | 522 (d) (5) | $100.00 | $100.00 |
| CASH in Bank | 522 (d) (5) | $100.00 | $100.00 |
| HOUSHOLD GOODS | 522 (d) (3) | $500.00 | $500.00 |
| 2002 Ford Dump Truck | 522(d) (3), (5) &(6) | $8,125.00 under (d) (3), $8,075.00 under (d) (5) $1,625.00 under (d) (5) | $16,500.00 |

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PAULO CABRAL,<br><br>Debtor. | Chapter 7<br><br>Case No. 05-11663-JNF |

## CERTIFICATE OF SERVICE

I, D. Ethan Jeffery, hereby certify that on January 20, 2006, I caused to be served a copy of the *Chapter 7 Trustee's Objection to Debtor's Claims of Exemption*, via first class mail, postage prepaid, upon the following parties:

Office of the U.S. Trustee
O'Neill Federal Office Building
10 Causeway Street
Boston, MA 02222

Andrew C. Schultz
10 Ames Road
Marblehead, MA 01945

/s/ D. Ethan Jeffery
D. Ethan Jeffery BBO #631941
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400
(617) 556-8985 (fax)

Dated: January 20, 2006
*444890*