UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>PAULO CABRAL,<br><br>Debtor. | Chapter 7<br>Case No. 05-11663-JNF |

### AFFIDAVIT OF HAROLD B. MURPHY IN SUPPORT OF APPLICATION BY CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING RETENTION OF COUNSEL

Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), MLBR 2014-1 and 28 U.S.C. § 1746, I, Harold B. Murphy, being duly sworn, hereby state as follows:

1. I am a shareholder of the law firm of Hanify & King, Professional Corporation, One Beacon Street, Boston, Massachusetts ("H&K"). I make this affidavit (the "Affidavit") in connection with the *Application Of Chapter 7 Trustee For Order Authorizing Retention Of Counsel* (the "Application") in the above-referenced Chapter 7 proceeding.

2. I am the duly appointed Chapter 7 Trustee (the "Trustee") in the above captioned case, having been appointed on November 30, 2005.

3. I am generally familiar with the business of H&K and have made inquiry concerning the facts set forth herein prior to making this Affidavit.

4. For purposes of this Affidavit, I have been provided with a copy of the above-captioned Debtor's Schedules and Statement of Financial Affairs.

5.  H&K maintains records of all of its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. H&K has reviewed such records and documents to determine H&K's connections with the Debtor.[1]

6.  Upon information and belief, in accordance with Fed. R. Bankr. P. 2014(a) and MLBR 2014-1, neither I nor any shareholder of H&K has any connections or relationships with the Debtor, their creditors or any other party in interest, her respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

7.  H&K does not represent, nor is it represented by, any other authorized professional specifically in connection with this case or on a regular basis or in connection with a substantial matter in another case.

8.  Insofar as I have been able to ascertain, H&K, its shareholders, associates and I do not hold or represent any interest adverse to that of the Debtor' bankruptcy estate.

9.  I believe that both H&K and I are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code. Furthermore, insofar as I have been able to ascertain, neither H&K, any shareholder or associate thereof, nor myself, is connected with any Bankruptcy Judge in the District of Massachusetts, or the United States Trustee or any person employed in the office of the United States Trustee, so as to render the retention of H&K as counsel to the Trustee inappropriate under Fed. R. Bankr. P. 5002(b).

10. H&K and I have conducted, and will continue to conduct, research into any relationships that H&K may have with the Debtor and their creditors, any accountants, attorneys

---

[1] In reviewing its records and the relationships of its attorneys, H&K did not seek information as to whether any H&K attorney or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or similar public investment, securities of any party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If such relationship does exist, I do not believe it would impact upon my or H&K's disinterestedness or otherwise give rise to a finding that I or H&K hold an interest adverse to the Debtor or any party in

or other professionals of the foregoing, and any other parties interested in this case. Although H&K has undertaken, and will continue to undertake, an investigation to identify any contacts with the Debtor or parties in interest, it is possible that such contacts have not been discovered. To the extent any such contacts are discovered, H&K will notify the Court by filing and serving a supplemental affidavit.

11.     Any compensation, fee or allowance which may be claimed by me or by H&K will belong wholly to the law firm and will not be divided, shared or pooled, directly or indirectly, with any other person or firm.

12.     Neither I nor H&K have been paid a retainer in this matter.

13.     I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstances relating thereto.

14.     During the period of H&K's retention as counsel to the Trustee, neither I nor H&K will hold any interest adverse to the interest of the Debtor' estate, and will not cease to be a disinterested person, as defined in 11 U.S.C. § 101.

15.     I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

/s/ Harold B. Murphy
Harold B. Murphy

Dated: May 4, 2006

---

interest.