**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) ) ) | |
| PAULO CABRAL, ) ) | Chapter 7 |
| ) | Case No. 05-11663-JNF |
| Debtor. ) ) | |

**MOTION TO APPROVE STIPULATION**
**REGARDING DEBTOR'S CLAIMS OF EXEMPTION**

Harold B. Murphy (the "Trustee"), the Chapter 7 trustee in the above-captioned case, hereby moves this Court to approve the stipulation (the "Stipulation") between the Trustee and Paulo Cabral (the "Debtor") with respect to the Debtor's claimed exemptions. The Stipulation has been filed contemporaneously with this motion. In support of this motion, the Trustee states as follows:

**PRELIMINARY STATEMENT**

1.     The legal predicates for this motion are Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 9019 and MLBR 2002-1 and 9019-1.

2.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**BACKGROUND**

4.     On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code"). The Debtor's bankruptcy proceeding was converted to a case under

Chapter 7 of the Bankruptcy Code. The Trustee was appointed interim trustee of the Debtor on or about November 30, 2005. The Trustee has continued to serve as trustee since that date.

5. In his amended Schedule C, the Debtor claimed as exempt (the "Exemption"), pursuant to Sections 522(d)(3), (5) & (6) of the Bankruptcy Code, a total of $16,500 of the value of a 2002 Ford dump truck (the "Vehicle"). The Vehicle is property of the Debtor's bankruptcy estate (the "Estate").

6. The Debtor allocated the Exemption as follows:

    a. Section 522(d)(3) – $8,125;

    b. Section 522(d)(5) – $8,075;

    c. Section 522(d)(6) – $1,625.[1]

7. The Trustee objected to the Exemption pursuant to Sections 522(d)(3) and (6) of the Bankruptcy Code as neither of those sections permit the exemption of a vehicle.

8. The Trustee also sought and received an independent opinion that the Vehicle was worth approximately $11,000 if sold by the Trustee.

9. The Debtor has a valid exemption under Section 522(d)(5) as to $8,075 of the Vehicle. Although the Trustee believes that his objection to the Exemption is valid, given the $11,000 value of the Vehicle, the costs of prosecuting the objection would likely consume much, if not all, of the value of the Vehicle above the Debtor's valid exemption.

10. The Trustee and the Debtor were able to negotiate a resolution of the Trustee's objection to the Exemption whereby (a) the Debtor agreed to pay the Estate $2,500, and (b) the

---

[1] Although Schedule C at this point lists the $1,625 as being exempted pursuant to Section 522(d)(5) of the Bankruptcy Code, the Trustee assumes this was an error for the following reasons. First, Section 522(d)(6) was cited in the part of Schedule C where the Debtor listed the "Specific Law Providing Each Exemption." Second, under the part of Schedule C where the Debtor listed the "Value of Claimed Exemption," the Debtor listed two values as being exempt under Section 522(d)(5), and no value as being exempt under Section 522(d)(6). It therefore appears that the Debtor mistakenly omitted Section 522(d)(6) from this part of Schedule C and erroneously listed Section 522(d)(5) twice.

Trustee agreed to withdraw his objection to the Exemption. The Stipulation memorializes the settlement.

11. The Debtor has paid the Estate $2,500, which will be held by the Trustee pending approval of the Stipulation.

12. The United States Court of Appeals for the First Circuit (the "First Circuit") has described the test to be used by Bankruptcy Courts called upon to approve or reject proposed compromises and settlements as follows:

> A bankruptcy judge has the authority to approve a compromise of a claim pursuant to Bankruptcy Rule 9019(a). The ultimate issue on appeal is whether the bankruptcy court abused its discretion when it approved the compromise, which is a process requiring the bankruptcy court to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (*quoting In re Boston & Providence R.R.*, 673 F.2d. 11, 12 (1st Cir. 1982)). The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. *In re Anolik*, 107 B.R. 426, 429 (D. Mass. 1989).

*Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

13. Since the settlement embodied in the Stipulation results in the Estate's receipt of substantially all of the value of the Vehicle above the Debtor's valid exemption, approval of the Stipulation is warranted. *See Jeffrey v. Desmond*, 70 F.3d 183.

WHEREFORE, the Trustee requests that the Court: (a) approve the Stipulation, and (b) provide such other and further relief as may be just.

    Harold B. Murphy,
Chapter 7 Trustee:
By his counsel,

/s/ D. Ethan Jeffery
Harold B. Murphy, BBO #326610
D. Ethan Jeffery BBO #631941
Hanify & King, P.C.
One Beacon Street
Boston, MA  02108
(617) 423-0400
(617) 556-8985 (fax)

Dated: June 6, 2006
::ODMA\PCDOCS\DOCS\452749\1