UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| PAULO CABRAL, ) | |
| ) | Case No. 05-11663-JNF |
| Debtor. ) | |

TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT RULE 2004
EXAMINATION OF THE KEEPER OF RECORDS OF CITIZENS BANK

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, Harold B. Murphy (the "Trustee"), the Chapter 7 trustee in the above captioned proceeding, respectfully moves this Court for authority to conduct an examination of the keeper of records of Citizens Bank ("Citizens"). The Trustee seeks to the production of documents relating to a bank account into which property of the estate was transferred prior to the Petition Date (as defined below). In support of this motion, the Trustee avers as follows:

BACKGROUND

1. On March 9, 2005 (the "Petition Date"), Paulo Cabral (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's case was converted to Chapter 7 on November 28, 2005.

2. The Debtor's schedules indicate that he owns a pre-petition loan receivable from Pedro Camorgo ("Camorgo") in the approximate amount of $150,000. The Trustee has since recovered a check, dated December 4, 2002, in the amount of $133,000 made payable to Camorgo (the "Check"). A copy of the Check is attached as Exhibit A. Although the maker of the check is "P.C. Realty Trust," the Debtor has represented to the Trustee that the funds were his and arose from the sale of real estate he had developed.

3. The Check was deposited in an account at Citizens.

4. Since the account to which the Check was deposited is not in the Debtor's name, the Trustee is unable to obtain records relating to such account other than through Federal Rule of Bankruptcy Procedure 2004.

### RELIEF REQUESTED

5. The Trustee seeks the production of records from Citizens relating to the account into which the Check was deposited as well as any other accounts standing in the name of Camorgo.

6. Federal Rule of Bankruptcy Procedure 2004 provides that upon motion of any party in interest, the Court may order the examination of any entity. The only limitation is that such examination may relate only to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. Proc. 2004(b). The scope of such an examination is akin to a fishing expedition. *See In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999).

7. Through the production of records requested in this motion, the Trustee seeks to obtain information regarding a large pre-petition transfer of property of the bankruptcy estate. Accordingly, the examination of Citizens is within the scope of Rule 2004.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order substantially in the form attached as Exhibit C:

(i) Compelling Citizens, within ten (10) days of the service of the order granting this motion, to produce the documents on the schedule attached as Exhibit B; and

(ii) Granting such other relief as is just and proper.

        HAROLD B. MURHPY,
        As Chapter 7 trustee for Paulo Cabral
        By his counsel,

        /s/ D. Ethan Jeffery
        D. Ethan Jeffery (BBO #631941)
        Natalie B. Sawyer (BBO #660072)
        Hanify & King, P.C.
        One Beacon Street
        Boston, MA 02108
        Ph: (617) 423-0400

Dated: January 9, 2007