## **Exhibit B**

A.     **GENERAL DEFINITIONS AND INSTRUCTIONS**

**The following definitions and instructions apply to the requests set forth below:**

1.     If an objection is made to any request set forth below, for each item and category objected to: (a) state the specific ground for each objection; (b) identify each document by giving its date, name of author, name of each addressee, and by giving any other information necessary to identify such document or part thereof; and (c) provide a description of the subject matter in each document or item.

2.     If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of non-production, a list is to be furnished at the time that documents are produced identifying any such document for which the privilege is claimed ("List of Privileged Documents"), specifically by its nature (e.g., letter, memorandum, etc.), together with the following information with respect to any such document withheld: author(s); recipient(s); sender(s); indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph(s) of this Request to which such document relates.

3.     If a portion of an otherwise responsive document contains information subject to a claim of privilege, only those portions of the documents subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced. If any portion of an otherwise responsive document is deleted or redacted from the document, those portions are to be added to the List of Privileged Documents, as well as the basis on which any privilege or other ground for non-production is claimed.

4.     If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

4

5. The term "document" means the original and each and every non-identical copy of the original of any writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, correspondence, notes, interoffice and intra-office communications, emails, circulars, announcements, directories, declarations, affidavits, statements, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, motion pictures or videos, recordings, publications, transcripts of telephone conversations, sound recordings, and any other retrievable data (whether encoded, taped, punched, or coded, either electrostatically, electromagnetically, on computer, or otherwise), in your possession, custody, or control or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing, or other material contained in that document or attached to that document, or otherwise), and whether a draft or a final version. **The definition of "document" specifically encompasses e-mail communications and other documents generated and stored electronically, whether stored on an active hard drive or on archive tapes or disks. Citizens is instructed to restore all archive tapes and disks to determine whether responsive documents are resident in archived files.**

6. The term "communication" means the transmittal of any information, by any means, from one person or entity to another.

7. In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible,

including, without limitation, the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal, person(s) authorizing the disposal; person(s) currently in possession of copies of the document; and person disposing of the document.

8.   The term "concerning" means regarding, evidencing, indicating, referencing, referring to, constituting, or discussing.

9.   A party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, predecessors, partners, corporate parent, subsidiaries, or affiliates.

10.   The term "Cabral" or "Debtor" shall mean Paulo Cabral.

11.   The term "Camorgo" shall mean Pedro Camorgo.

12.   The term "Citizens" shall mean Citizens Bank.

13.   The term "Petition Date" shall mean March 9, 2005.

14.   The term "Check" shall mean the check dated December 4, 2002, in the amount of $133,000, that is attached as Exhibit 1.

### B.   DOCUMENTS REQUESTED

**REQUEST NO. 1**

For the period between August 1, 2002 and August 1, 2004, all bank statements for any and all accounts maintained by Camorgo at Citizens, including, without limitation, account number 1136772488.

**REQUEST NO. 2**

For the period between August 1, 2002 and August 1, 2004, all bank statements for Citizens account number 1136772488.

**REQUEST NO. 3**

All document evidencing, referring or relating to the Check.

**REQUEST NO. 4**

For the period between August 1, 2002 and August 1, 2004, copies of any and all bank checks, certified checks, cashiers checks, money order and/or other negotiable drafts drawn on any account maintained by Camorgo at Citizens.

**REQUEST NO. 5**

All correspondence between Citizens and Camorgo.

::ODMA\PCDOCS\DOCS\465887\1

EXHIBIT 1

