UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>PAULO CABRAL,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 05-11663-JNF |

### TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATION OF PEDRO CAMORGO

Pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016, Harold B. Murphy (the "Trustee"), the Chapter 7 trustee in the above captioned proceeding, respectfully moves this Court for authority to conduct an examination of Pedro Camorgo ("Camorgo"). The Trustee seeks to compel Camorgo both to produce documents and to attend an examination and answer questions under oath. In support of this motion, the Trustee avers as follows:

### BACKGROUND

1. On March 9, 2005 (the "Petition Date"), Paulo Cabral (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's case was converted to Chapter 7 on November 28, 2005.

2. The Debtor's schedules indicate that he owns a pre-petition loan receivable from Camorgo in the approximate amount of $150,000. The Trustee has since recovered a check, dated December 4, 2002, in the amount of $133,000 made payable to Camorgo. Although the maker of the check is "P.C. Realty Trust," the Debtor has represented to the Trustee that the funds were his and arose from the sale of real estate he had developed.

3. The Debtor has not produced nor has the Trustee been able to obtain any other documents relating to the loan to Camorgo.

## RELIEF REQUESTED

4. The Trustee seeks to conduct an examination of Camorgo to determine, among other things, whether the loan it is a true loan or a fraudulent conveyance.

5. Federal Rule of Bankruptcy Procedure 2004 provides that upon motion of any party in interest, the Court may order the examination of any entity. The only limitation is that such examination may relate only to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. Proc. 2004(b). The scope of such an examination is akin to a fishing expedition. *See In re Duratech Industries, Inc.*, 241 B.R. 283 (E.D.N.Y. 1999).

6. An examination of Camorgo with respect to the loan is within the scope of Rule 2004.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order substantially in the form attached as Exhibit B:

(i) Compelling Camorgo, within ten (10) days of the service of the order granting this motion, to produce the documents on the schedule attached as Exhibit A;

(ii) Compelling Camorgo, at a time reasonably designated by the Trustee, to appear for examination under oath regarding the matters described in this motion; and

(iii) Granting such other relief as is just and proper.

        HAROLD B. MURHPY,
        As Chapter 7 trustee for Paulo Cabral
        By his counsel,

        /s/ D. Ethan Jeffery
        D. Ethan Jeffery (BBO #631941)
        Natalie B. Sawyer (BBO #660072)
        Hanify & King, P.C.
        One Beacon Street
        Boston, MA 02108
        Ph: (617) 423-0400

Dated: January 9, 2007