# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

| | |
|---|---|
| **In re:** <br><br> **PAULO CABRAL,** <br><br>         Debtors. | Chapter 7 <br><br> Case No. 05-11663 (JNF) |
| **HAROLD B. MURPHY, Chapter 7 Trustee,** <br><br>         Plaintiff, <br><br> v. <br><br> **PEDRO L. CAMARGO, JOSE M.V. ALMEIDA, MANUEL DESOUSA, MARCELO RIBEIRO, MARIO RODRIGUES, MARCELO SANTO, JOSUEL SANTOS, SOSTENES SOUZE, BANK OF AMERICA, N.A. (as successor to Fleet National Bank), and JOHN DOES 1-25,** <br><br>         Defendants. | Adversary Proceeding <br> No. 07-_____ (JNF) |

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS

Harold B. Murphy, the duly-appointed Chapter 7 trustee of the bankruptcy estate of Paulo Cabral (the "Debtor"), for his complaint against Pedro L. Camargo, Jose M.V. Almeida, Manuel DeSousa, Marcelo Ribeiro, Mario Rodrigues, Marcelo Santo, Josuel Santos, Sostenes Suoze, Bank of America, N.A. (as successor to Fleet National Bank), and John Doe 1 through John Doe 25, alleges as follows:

## THE PARTIES

1. Harold B. Murphy (the "Trustee") is the trustee of the Debtor's bankruptcy estate (the "Estate").

2. Upon information and belief, defendant Pedro L. Camargo ("Camargo") is an individual with an address of 591 Lynn Street, Malden, Massachusetts.

3. Upon information and belief, defendant Jose M.V. Almeida ("Almeida") is an individual with a principal residence within the Commonwealth of Massachusetts.

4. Upon information and belief, defendant Manuel DeSousa ("DeSousa") is an individual with a principal residence within the Commonwealth of Massachusetts.

5. Upon information and belief, defendant Marcelo Ribeiro ("Ribeiro") is an individual with a principal residence within the Commonwealth of Massachusetts.

6. Upon information and belief, defendant Mario Rodrigues ("Rodrigues") is an individual with a principal residence within the Commonwealth of Massachusetts.

7. Upon information and belief, defendant Marcelo Santo ("M. Santo") is an individual with a principal residence within the Commonwealth of Massachusetts.

8. Upon information and belief, defendant Josuel Santos ("J. Santos") is an individual with a principal residence within the Commonwealth of Massachusetts.

9. Upon information and belief, defendant Sostenes Suoze ("Suoze") is an individual with a principal residence within the Commonwealth of Massachusetts.

10. Upon information and belief, defendant Bank of America, N.A., as successor by merger to Fleet National Bank ("BofA"), is a national association financial institution with its principal place of business in the Commonwealth of Massachusetts at 100 Federal Street, Boston, Massachusetts, 02110.

11. Upon information and belief, defendants John Doe 1 through John Doe 25 are individuals each with a principal residence within the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334.

13. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

14. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

15. This Court has jurisdiction over the Defendants because they conducted business and/or have their principal residence in Massachusetts before the Petition Date (as defined below).

## FACTUAL BACKGROUND

16. On March 9, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

17. The Trustee was appointed Chapter 7 trustee for the Estate and continues to serve in that capacity.

18. On or about December 1, 2002, the Debtor gave Camargo a check in the amount of $133,000 (the "Check").

19. On or about December 9, 2002, Camargo deposited the Check in his bank account at Citizens Bank.

20. At the time Camargo deposited the Check into his Citizens Bank account, there were no other funds in his Citizens Bank account.

21. Camargo then transferred the funds from his Citizens Bank account to the defendants in the amounts as set forth on <u>Exhibit A</u> (collectively the "Subsequent Transfers").

**COUNT I – AVOIDANCE OF FRAUDULENT TRANSFERS
(11 U.S.C. § 544(B) AND MASS. GEN. LAWS CH. 109A, § 5(A))**

22. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 21 above as though fully set forth herein.

23. Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee may avoid a transfer of an interest of the Debtor in any property that is voidable under applicable law by a creditor holding an unsecured claim. The Massachusetts Uniform Fraudulent Transfer Act (the "UFTA"), Mass. Gen. Laws ch. 109A, § 1 *et seq*. constitutes applicable state law pursuant to which the Trustee may avoid transfers of an interest of the Debtor in property.

24. The Check and any subsequent funds transferred by the Debtor to Camargo (collectively the "Transfers") each constituted a transfer of an interest of the Debtor in property.

25. Claims against the Debtor allowable under Section 502 of the Bankruptcy Code arose before or after the Transfers.

26. The Debtor did not receive a reasonably equivalent value in exchange for the Transfers.

27. At the time of the Transfers, the Debtor (i) was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

28. Pursuant to the UFTA, § 5(a), the Transfers were fraudulent as to the Debtor's creditors and are avoidable under the UFTA, § 8 and Section 544(b) of the Bankruptcy Code.

**COUNT II – AVOIDANCE OF FRAUDULENT TRANSFERS
(11 U.S.C. § 544(B) AND MASS. GEN. LAWS CH. 109A, § 6(A))**

29. Trustee repeats and realleges the allegations of paragraphs 1 through 28 above as

though fully set forth herein.

30. At the time of the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

31. Pursuant to the UFTA, § 6(a), the Transfers were fraudulent as to the Debtor's creditors and are avoidable under the UFTA, § 8 and Section 544(b) of the Bankruptcy Code.

### COUNT III – RECOVERY OF TRANSFERS
### (11 U.S.C. § 550)

32. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as though fully set forth herein.

33. The Transfers are avoidable pursuant to Section 544 of the Bankruptcy Code and the UFTA. Camargo was the initial transferee of the Transfers.

34. Almeida, DeSousa, Ribeiro, Rodrigues, M. Santo, J. Santos, Suoze, BofA, and John Doe 1 through John Doe 25 (collectively the "Subsequent Transferees") are each an immediate or mediate transferee of one or more of the Transfers.

35. The Subsequent Transfers were transfers made by Camargo of property he received from the Debtor.

36. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers, or their value, from Camargo.

37. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Subsequent Transfers, or their value, from the Subsequent Transferees.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment for the Trustee and against the Defendants: (a) avoiding the Transfers pursuant to Sections 544 of the Bankruptcy Code and the UFTA, (b) awarding the Trustee, and directing Camargo to immediately pay to Trustee the aggregate amount of the Transfers, in an amount to be

determined at trial that is not less than $133,000, together with interest thereon at the rate allowed under 28 U.S.C. § 1961(a), (c) awarding to the Trustee and directing the Subsequent Transferees to immediately pay to the Trustee the value of the respective Subsequent Transfers they received, together with interest thereon at the rate allowed under 28 U.S.C. § 1961(a), (d) awarding to the Trustee his costs and expenses incurred in this suit, including attorneys' fees; and (e) granting to the Trustee such other and further relief as this Court may deem necessary and proper in the circumstances.

    Harold B. Murphy, as trustee for the
Bankruptcy Estate of Pedro Cabral,
By his attorneys,


/s/ Christian J. Urbano
D. Ethan Jeffery (BBO #631941)
Christian J. Urbano (BBO #644471)
HANIFY & KING,
Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts 02108-3107
Tel:   (617) 423-0400
Fax:   (617) 556-8985

Dated:  March 8, 2007
::ODMA\PCDOCS\DOCS\469665\1