UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>PAULO CABRAL,<br><br>               Debtor. | Chapter 7<br><br>Case No. 05-11663 (JNF) |
| HAROLD B. MURPHY, Chapter 7 Trustee,<br><br>               Plaintiff,<br><br>v.<br><br>PEDRO L. CAMARGO, JOSE M.V. ALMEIDA, MANUEL DESOUSA, MARCELO RIBEIRO, MARIO RODRIGUES, MARCELO SANTO, JOSUEL SANTOS, SOSTENES SOUZE, BANK OF AMERICA, N.A. (as successor to Fleet National Bank), and JOHN DOES 1-25,<br><br>               Defendants. | Adversary Proceeding<br>No. 07-01065 (JNF) |

**MOTION TO APPROVE SETTLEMENT STIPULATION BY AND BETWEEN
HAROLD B. MURPHY, AS CHAPTER 7 TRUSTEE, AND SOSTENES SOUZA
REGARDING COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS**

Pursuant to Rule 2002 and 9019(a) of the Federal Rules of Bankruptcy Procedure, and MLBR 2002-1 and 9019-1, Harold B. Murphy, as chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate of Paulo Cabral (the "Debtor"), hereby files this motion to approve (the "Motion") the *Settlement Stipulation by and between Harold B. Murphy, as Chapter 7 Trustee, and Sostenes Souza Regarding Complaint to Avoid and Recover Avoidable Transfers*, (the

"Stipulation"), filed contemporaneously with this Motion.[1] In support of the Motion, the Trustee respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 105 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002 and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 2002-1 and 9019-1.

### Background

2. On March 9, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). On or about April 4, 2005, this Court entered an order dismissing the case under 11 U.S.C. § 109(g). On April 14, 2005, the Court entered an order reinstating the case under chapter 13. On November 28, 2005, the Court entered an order approving the Debtor's motion to convert the chapter 13 case to a case under chapter 7. The Trustee was appointed chapter 7 trustee for the Debtor's estate and continues to serve in that capacity.

3. The Trustee's investigation into the Debtor's financial affairs revealed that on or about December 1, 2002, the Debtor gave defendant Pedro L. Camargo ("Camargo") a check in the amount of $133,000 (the "Check").

4. On or about December 9, 2002, Camargo deposited the Check in his bank account

---

[1] On February 24, 2010, a motion for default judgment was filed against defendant Sostenes Souza ("Souza") on the belief that Souza had failed to execute the Stipulation and cooperate with the Trustee respecting this settlement. On February 25, 2010, Souza contacted counsel to the Trustee and asserted that he in fact sent the settlement payment and executed the Stipulation in or around July or August 2009 at a time when the Trustee's counsel was on vacation and was not made aware of the same. Counsel for the Trustee has verified Souza's representations and, accordingly, the motion for default judgment has been withdrawn.

508602-v1 2

at Citizens Bank. Citizens Bank subsequently honored the Check. At the time Camargo deposited the Check into his Citizens Bank account, there were no other funds in his Citizens Bank account. The Check, and any subsequent funds transferred by the Debtor to Camargo (collectively the "Transfers"), each constituted a transfer of an interest of the Debtor in property. The Debtor received no consideration for the Transfers.

5.  Camargo subsequently transferred the funds from his Citizens Bank account to the defendants in the amounts as set forth on <u>Exhibit A</u> to the Complaint. Specifically, Camargo transferred $7,500 of the funds to defendant Sostenes Souza (the "Souza Transfer").

6.  On March 8, 2007, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") with the filing of the *Complaint to Avoid and Recover Avoidable Transfers* (the "Complaint"). In the Complaint, the Trustee sought to, among other things, avoid and recover the Souza Transfer from Sostenes Souza ("Souza") as a fraudulent transfer under 11 U.S.C. §§ 544(b) and 550(a)(2), and Mass. Gen. Laws ch. 109A, §§ 5(a) and 6(a).[2]

7.  Although Souza failed to serve and file an answer or otherwise appear and file a response to the Complaint, on January 30, 2008, Souza sent an informal letter to the Plaintiff asserting that in June 2002 he loaned money to Camargo and that the Souza Transfer was Camargo's repayment of the loan. Souza further asserted that he was unaware of the source of the funds Camargo used to make the Souza Transfer and that he never discussed the source of the funds with Camargo.

---

[2] On or about May 30, 2007, this Court entered a default judgment against Camargo in the amount of $133,000, plus costs and interest. On or about March 4, 2008, this Court entered default judgments against Manuel Desousa, Josuel Santos, and Marcelo Santos in the amount of the Transfers each received as immediate or mediate transferees of the Debtor. The Trustee has not recovered any amounts on account of the foregoing default judgments.

8.      Souza agreed to provide supporting documentation of the loan he allegedly made to Camargo. The Trustee, however, did not receive such documentation. Accordingly, on or about February 26, 2008, the Trustee filed a request for entry of default against Souza. By order dated March 10, 2008, this Court entered default against Souza.

9.      In April 2008, Souza provided supporting documentation for the loan he made to Camargo and continued to deny the allegations contained in the Complaint. In addition, Souza continued to assert that he had a complete defense to recovery of the Souza Transfer because he received the Souza Transfer as a repayment of a debt, in good faith and without any knowledge of the source of the funds or the voidable nature of the Souza Transfer.

10.     The Trustee maintains that the Souza Transfer remains fraudulent as to the Debtor's creditors. The Trustee, however, recognizes that additional costs and risks are associated with formal discovery and continued litigation of this matter against Souza, including, but not limited to, disputes over whether the Debtor was insolvent at the time of the transfer to Camargo or as a result of the same, and the risk that Souza may be able to produce documents and testimony sufficient to establish a good-faith defense to the recovery of the Souza Transfer under Section 550(a)(2) and (b)(1) of the Bankruptcy Code. Based upon the foregoing, the Parties have reached a settlement agreement that avoids the necessity of and risks involved in continuing to litigate the Adversary Proceeding against Souza.

### THE PROPOSED SETTLEMENT AGREEMENT

11.     Subject to the Court's approval, the Trustee and Souza have agreed to resolve the claims against Souza relating to the Adversary Proceeding. The major terms of the Stipulation

are as follows:[3]

    (a)    Upon execution of the Stipulation, in full and final settlement of the claims against BofA asserted in the Adversary Proceeding, BofA shall remit to the Trustee $2,000 (the "Settlement Payment") in one installment.

    (b)    Souza has agreed to waive any right to a claim arising under section 502(h) of the Bankruptcy Code as a result of making the Settlement Payment.

12.    The Trustee requests that the Court approve the Stipulation.

### THE STIPULATION IS FAIR, EQUITABLE AND IN THE BEST INTERESTS OF THE DEBTORS' ESTATE

13.    Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the Court may approve a compromise or settlement." Local Rule 9019-1 also authorizes "settlement of any controversy that affects the estate."

14.    A settlement should be approved where it is fair, equitable and in the best interests of the estate. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 88 S. Ct. 1157 (1968); Jeremiah v. Richardson, 148 F.3d 17 (1st. Cir. 1998); Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mtg. Corp.), 68 F.3d 914 (5th Cir. 1995). The First Circuit has held that a bankruptcy court should also consider the following factors in determining whether to approve a settlement:

    a.    The probability of the success in the litigation being compromised;

    b.    The difficulties, if any, to be encountered in the matter of collection;

    c.    The complexity of the litigation involved and the expense, inconvenience, and delay in pursuing the litigation; and

---

[3] The summary set forth in this Motion is not intended to be a substitute for the Stipulation, which contains additional terms and provisions.

       d.      The paramount interest of the creditors and a proper deference to their reasonable views.

See Jeremiah, 148 F.3d at 23 (citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)); see also Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 50 (1st Cir. 1998); In re Lawrence Paperboard Corp., 52 B.R. 907, 909 (Bankr. D. Mass. 1985). The Trustee submits that the Stipulation more than satisfies these requirements.

    15.    The Stipulation represents the Parties' good faith resolution of the foregoing issues and the Trustee believes that the Stipulation is in the best interests of the Debtor's estate and its creditors. Based on the Trustee's investigation and the negotiations and information exchanged between the Parties, the Trustee recognizes that there is a substantial risk that the documentation provided by Souza, together with his likely testimony at deposition and trial, could provide Souza with a good-faith defense under Section 550(a)(2) and (b)(1) of the Bankruptcy Code. Moreover, the Trustee recognizes that Souza will likely contest the elements of fraudulent transfer, which could increase considerably the costs and expenses of litigating the Adversary Proceeding. Based upon the foregoing, the Parties have decided to forego any additional delay and expenses associated with discovery or litigation and Souza has agreed to pay $2,000 in one installment to settle the matter. In addition, Souza has agreed to waive any claim under 11 U.S.C. § 502(h) as a result of the Settlement Payment.

    16.    Because the proposed compromise fairly balances "the value of the claims being compromised against the value to the estate of the acceptance of the compromise proposal," it is well within the bounds of this Court's discretion to approve the proposed settlement. Jeffrey v. Desmond, 70 F.3d at 185. Based on the foregoing, the Court should approve the Stipulation.

    **WHEREFORE**, the Trustee respectfully requests that the Court issue an order: (a) approving the Stipulation filed concurrently with this Motion; (b) finding notice of this Motion

as set forth above was sufficient and appropriate; and (c) granting to the Trustee such other and further relief as the Court deems necessary under the circumstances.

        Respectfully submitted,

        HAROLD B. MURPHY,
        CHAPTER 7 TRUSTEE,

        By his counsel,

Dated: February 25, 2010        /s/ Christian J. Urbano
        Harold B. Murphy (BBO #326610)
        D. Ethan Jeffery (BBO #631941)
        Christian J. Urbano (BBO #644471)
        HANIFY & KING,
        Professional Corporation
        One Beacon Street, 21st Floor
        Boston, MA 02108-3107
        Tel:  (617) 423-0400
        Fax:  (617) 556-8985
        Email: cju@hanify.com