UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | **Chapter 7** |
| PAULO CABRAL, | ) | **Case No. 05-11663-JNF** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO CLAIMS OF (1) COUNTRYWIDE HOME LOANS, INC. AND (2) INTERNAL REVENUE SERVICE

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

Harold B. Murphy, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Paulo Cabral (the "Debtor"), by his attorneys, hereby objects (the "Objection"), pursuant to Section 502(a) of the United States Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure to certain claims (the "Disputed Claims") filed of record against the Debtor, as is set forth in detail herein.

### BACKGROUND

1.      On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").

2.      Harold B. Murphy is the duly appointed Trustee of the Estate.

3.      The Trustee has reviewed the claims asserted against the Debtor and brings this objection pursuant to Section 502(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3007 and MLBR 3007-1. Given the small number of claims subject to objection and that all of the claims were filed by commercial or governmental entities, the Trustee requests that

the Court dispense with the necessity of filing individual objections to claims as set forth in Fed.

R. Bankr. Proc. 3007.

OBJECTIONS

**A.      Claim of Countrywide Home Loans, Inc.**

4.      On March 21, 2005, Countrywide Home Loans ("Countrywide") filed a proof of

claim, asserting a secured claim in the amount of $657,165.68 (the "Countrywide Claim") on

account of a certain promissory note (the "Note") and a mortgage (the "Mortgage") against the

property known and numbered as 435 Lafayette Street, Salem, Massachusetts (the "Property").

5.      The Trustee has not administered the Property. Countrywide's claim constitutes a

lien against the Property. To the extent that the Countrywide Claim seeks payment from the

Estate on account of the Note secured by the Mortgage, Countrywide maintains the Property as

collateral to secure payment of its claim.

**RECOMMENDATION**: The Trustee recommends that Countrywide shall retain its

collateral but any claim against the Estate shall be limited solely to that collateral unless

Countrywide files an amended proof of claim prior to the response date with respect to the

Objection which establishes an unsecured deficiency claim and such amended claim is allowed.

The Trustee further requests that the Court enter an order holding that the Countrywide Claim,

number one (1) on the Claims Register, be disallowed and expunged as a claim against the

Estate.

**B.      Claim of Internal Revenue Service**

6.      On April 19, 2005, the Internal Revenue Service (the "IRS") filed a proof of claim

asserting a secured claim in the amount of $166,209.46 (the "IRS Claim") on account of liens

filed in the United States District Court, Southern Essex County Registry of Deeds and Southern

Middlesex Registry of Deeds.

7.      The Trustee recovered funds as a result the avoidance of a fraudulent transfer of

funds transferred (the "Transfer") by the Debtor on or about December 1, 2002.  It appears, and

the IRS has provided no evidence to the contrary, that the IRS did not perfect its lien on property

of the Debtor prior to the Transfer.  As such, the Trustee did not administer property subject to

the IRS' secured lien (the "Liened Property.") *See, In re Soares*, 380 B.R. 109

(Bankr.D.Mass.2007). The IRS Claim constitutes a lien against the Liened Property. To the

extent that the IRS Claim seeks payment from the Estate, the IRS maintains the Liened Property

as collateral to secure payment of its claim.

**RECOMMENDATION:** The Trustee recommends that the IRS shall retain its

collateral but any claim against the Estate shall be limited solely to that collateral unless the IRS

files an amended proof of claim prior to the response date with respect to the Objection which

establishes an unsecured deficiency claim and such amended claim is allowed.  The Trustee

further requests that the Court enter an order holding that the IRS Claim, number two (2) on the

Claims Register, be disallowed and expunged as a claim against the Estate.

## RESERVATION OF RIGHTS

8.      This Objection describes a specific, limited objection to the Disputed Claims.

Accordingly, the Trustee reserve the right to: (a) supplement this objection and/or file additional

objections to the Disputed Claims on any basis; (b) file additional objections to any other claims

against the Debtor, including any administrative claims, secured claims, priority claims and non-

priority unsecured claims; and (c) file an affirmative lawsuit or action against any party based on

3

any and all causes of action or chooses in action, including, without limitation, avoidance actions

under Sections 544, 547, 548, 549, 550 and 553.

## NOTICE

9.      A copy of this Objection has been served on (a) the entities that filed the Disputed

Claims; (b) the Office of the United States Trustee; and (c) all parties requesting notice.  The

Trustee believes that such service provides creditors and parties in interest with sufficient notice

of this Objection.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) sustain the objection

to the Disputed Claims as described in this Objection; (b) disallow and expunge the Disputed

Claims to the extent described in this Objection; and (c) grant such other relief as is just and

proper.

> HAROLD B. MURPHY,
> CHAPTER 7 TRUSTEE
>
> By his attorney,
>
> /s/ Kathleen R. Cruickshank
> Kathleen R. Cruickshank BBO #550675
> MURPHY & KING, Professional Corporation
> One Beacon Street
> Boston, MA 02110
> Telephone: (617) 423-0400
> Email: krc@murphyking.com

Dated:  July 19, 2012
630479

4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

In re:

**PAULO CABRAL,**

                              **Debtor.**

**Chapter 7**

**Case No.  05-11663 (JNF)**

## CERTIFICATE OF SERVICE

I, Kathleen R. Cruickshank, hereby certify that on July 19, 2012, I caused a copy of the

*Objection to Claims of (1) Countrywide Home Loans, Inc. and (2) Internal Revenue Service* to be

served by this Court's CM/ECF System and/or first-class mail, postage prepaid, on the persons

and entities listed on the attached service list.


                                        /s/  Kathleen R. Cruickshank
                                        Kathleen R. Cruickshank (BBO 550675)
                                        MURPHY & KING, Professional Corporation
                                        One Beacon Street
                                        Boston, MA  02108
                                        Tel: (617) 423-0400
Dated:  July 19, 2012                   Email: krc@murphyking.com
630489

**PAULO CABRAL**
**SERVICE LIST**

**VIA FIRST CLASS MAIL:**

Countrywide Home Loans Inc.
4500 Park Granda
Calabasas, CA 91301-0266

Charles M. Vacca, Esq.
Portnoy and Greene , P.C.
687 Highland Ave.
Needham, MA 02494

Internal Revenue Service
Special Procedures Stop 20800
PO Box 9112 - JFK Building
Boston, MA 02203

Internal Revenue Service
Attn: Judith Giardina
1 Montvale Avenue
Stoneham, MA 02143

**VIA ECF:**

- Paul W. Carey    pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com

- Nina Ching    Nina.P.Ching@IRSCounsel.Treas.Gov, bankruptcy.boston@irscounsel.treas.gov

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

- Jeffrey M. Frankel    jmfbky@yahoo.com

- John S. McNicholas    jmcnicholas@kordeassoc.com

- Andrew C. Schultz    acschultz@comcast.net