UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| PAULO CABRAL, ) | Case No. 05-11663-JNF |
| Debtor. ) | |

## APPLICATION OF CHAPTER 7 TRUSTEE FOR ALLOWANCE OF COMMISSION

Pursuant to Sections 326, 328, 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and MLBR 2016-1, Harold B. Murphy, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Paulo Cabral (the "Debtor"), submits this *Application of Chapter 7 Trustee for Allowance of Commission* (the "Application"). In support of the Application, the Trustee states as follows:

### Introduction

1. On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code"). On November 10, 2005, the Debtor filed a Motion to Convert Case to Chapter 7. On November 28, 2005 (the "Conversion Date"), the Court allowed the Motion.

2. Harold B. Murphy is the duly appointed Chapter 7 trustee of the Debtor.

3. On May 8, 2006, the Trustee filed an application with the Bankruptcy Court (the "Court") to retain Murphy & King, P.C.M&K (formerly Hanify & King) as his counsel to assist him with the administration of the case. The application was approved by Court Order dated May 9, 2006.

4. To date, the Trustee has collected gross receipts of $12,835.51 arising from the recovery of funds pursuant to an action by the Trustee against nine defendants to avoid a fraudulent

conveyance by the Debtor. The Trustee has disbursed $1,789.24 for bond premiums, a cancellation fee for a deposition, fees for serving subpoenas, tax payments to the Commonwealth of Massachusetts and bank service fees. As of January 19, 2013, the Trustee was holding $11,046.27 in funds on hand.

5. Accordingly, excluding the disbursement to the Debtor on account of his claim of exemption, the Trustee will disburse total gross proceeds of at least $12,835.51. Pursuant to 11 U.S.C. §326, the Trustee is entitled to a commission of $2,033.55. Due to the limits upon the Trustee's commission, the Trustee has provided services exceeding his allowable commission in the amount of $2,612.45.

### Jurisdiction

6. This Court has jurisdiction to hear and determine this Application pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district with respect to this proceeding and the Final Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Summary of Services Rendered

7. On the Debtor's Schedules of Assets and Liabilities, the Debtor scheduled a loan due from Pedro Camargo[1] ("Camargo") in the amount of $150,000.

8. At the Debtor's Section 341 meeting, the Trustee questioned the Debtor about the alleged loan. The Debtor testified that: (i) he had made a payment to Camargo approximately three years prior to the Petition Date; (ii) Camargo promised to return the payment in a year; (iii) the Debtor hired an attorney to sue Camargo for return of the payment, but Camargo returned to Brazil before he could be served with a summons; (iv) at one point, Camargo promised to wire the money, but did not; (v) he received a call from Camargo in Brazil stating that he would be paid within a

---

[1] The Debtor's schedules refer to a Pedro "Camardo," while the Trustee later uncovered evidence of a transfer by the Debtor to a Pedro "Camargo." The Trustee believes that the Schedules contain a typographical error.

2

short time; (vi) he conducted an asset check on Camargo and determined that he had sold his home in Fall River; (vii) he spoke to other members of Camargo's family, including his daughter; (viii) based on his discussions with Camargo's family members and his investigation of the Debtor's assets, the Debtor believed Camargo had no assets.

9. Following the Section 341 meeting, the Trustee determined that on or about December 1, 2002, the Debtor paid (the "Transfer") to Pedro L. Camargo ("Camargo") a check in the amount of $133,000 (the "Payment") and that the Debtor received no consideration for the Transfer.

10. On January 9, 2006, in furtherance of the Trustee's investigation into the Payment, M&K filed the *Motion for Authority to Conduct Rule 2004 Examination of the Keeper of the Records of Citizens Bank* (collectively, the "2004 Motions"). M&K obtained Court authority to subpoena Camargo's bank records and determined that Camargo deposited the Payment into his bank account at Citizens Bank, and that Citizens Bank subsequently honored the Payment. The records producded demonstrated that with the proceeds of the Payment, Camargo made numerous transfers to various third parties.

11. Also on January 9, 2006, M&K filed the *Motion for Authority to Conduct Rule 2004 Exam of Pedro Camargo*, which the Court subsequently allowed. One of the purposes of the examination was to determine whether the Payment was in fact a loan or a fraudulent conveyance. Camargo failed to appear to be examined.

12. The Debtor did not produce, nor was M&K able to obtain, any additional documentation relating to the Payment that would be consistent with a loan transaction, such as a promissory note. M&K subsequently determined from a conversation with Debtor's counsel on May 22, 2006, that Camargo had allegedly convinced the Debtor to give him money for an "investment" in Brazil.

13. Upon the Trustee's request, M&K made demand upon Camargo and each of the third parties for return of the payments to the Trustee, without success.

14. On March 8, 2007, M&K, on behalf of the Trustee, commenced an adversary proceeding (the "Adversary Proceeding") against Camargo and each of his third party transferees with the filing of the *Complaint to Avoid and Recover Avoidable Transfers* (the "Complaint"). In the Complaint, the Trustee sought to, among other things, avoid and recover the Transfer to Camargo and his subsequent payments as fraudulent transfers under 11 U.S.C. §§ 544(b) and 550(a)(2), and Mass. Gen. Laws ch. 109A, §§ 5(a) and 6(a).

15. Or about March 4, 2008, upon M&K's request, the Court entered a default judgment against Camargo. M&K attempted to collect upon the judgment, serving Camargo with a subpoena to compel his appearance at a deposition in order to advance the Trustee's collection of the default judgment. Camargo failed to appear. M&K attempted to track Camargo utilizing public records and by conferring with parties who were acquainted with him. After an investigation, M&K determined that Camargo, upon information and belief, had left the country and was residing in Brazil. M&K and the Trustee ultimately concluded that the the judgment obtained against Camargo was uncollectible.

16. Of the eight remaining defendants who were intermediate transferees, one defendant died and a second defendant appeared to have no liability because his apparent involvement in the alleged fraudulent transfer was the result of identity theft. Of the six remaining defendants and intermediate transferees, as is set forth in more detail herein, the Trustee settled with two and obtained default judgments against three. With respect to the final defendant, the Trustee determined that the claim was likely uncollectable, and that no benefit would inure to the Estate by the Trustee's continued efforts to litigate this matter.

17. Sostenes Souza ("Souza"), one of the defendants in the Adversary Proceeding, failed to

4

serve and file an answer or otherwise appear and file a response to the Complaint. On January 30, 2008, Souza sent an informal letter to the Trustee asserting, among other things, that in June 2002 he loaned money to Camargo and that the transfer of $7,500 he received was Camargo's repayment of the loan (the "Souza Transfer"). Souza further asserted that he was unaware of the source of the funds Camargo used to make the Souza Transfer and that he never discussed the source of the funds with Camargo.

18. Souza agreed to provide supporting documentation of the loan he allegedly made to Camargo. Despite repeated requests, however, the Trustee did not receive such documentation. Accordingly, on or about February 26, 2008, the Trustee filed a request for entry of default against Souza. By order dated March 10, 2008, this Court entered default against Souza.

19. In April 2008, Souza provided supporting documentation for the loan he made to Camargo and continued to deny the allegations contained in the Complaint. In addition, Souza continued to assert that he had a valid defense to recovery of the Souza Transfer because he received the Souza Transfer as a repayment of a debt, in good faith and without any knowledge of the source of the funds or the voidable nature of the Souza Transfer.

20. To avoid the costs of formal discovery and the risks associated with litigating the Adversary Proceeding against Souza, the Trustee and Souza entered into a settlement to pay the Trustee $2,000 in settlement of the Trustee's claims arising from the Souza Transfer, subject to the approval of this Court.

21. Bank of America, N.A. ("BOA"), one of the defendants in the Adversary Proceeding, received $12,444 of the proceeds of the Payment from Camargo. On or about April 12, 2007, BOA filed an answer to the Complant, denying certain allegations in the Complaint and raising various legal and equitable affirmative defenses. Thereafter, M&K and BOA engaged in informal discovery. BOA asserted that it had valid defenses against the claims asserted by the

5

Trustee in the Adversary Proceeding, but due to the merger with its predecessor, Fleet National Bank, BOA, following a review of its books and records, failed to produce documents revealing why Camargo made payment to BOA.

22. On or about May 7, 2008, M&K filed the Motion to Approve Settlement Stipulation By and Between Harold B. Murphy, As Chapter 7 Trustee and Bank of America, N.A. (As Successor to Fleet National Bank) Regarding Complaint to Avoid and Recover Avoidable Transfers, pursuant to which BOA paid $8,000 to the Trustee for the benefit of the estate in settlement of the Trustee's claims. On June 4, 2008, the Court approved the settlement.

23. Another of the defendants in the Adversary Proceeding was Mario Rodrigues, to whom Camargo had transferred $11,000 (the "Rodriguez Transfer") of the proceeds of the Payment. On December 14, 2007, Rodrigues filed an answer to the Complaint in the form of a letter to the Court, asserting that he loaned money to Camargo and that the Rodrigues Transfer was Camargo's repayment of the loan. Rodrigues further asserted that he was unaware of the source of the funds Camargo used to make the Rodrigues Transfer

24. M&K and Rodrigues subsequently entered into negotiations to settle the claims against Rodrigues contained in the Complaint. Rodrigues asserted that his bank was unable to provide supporting documentation of the alleged loan to Camargo from Rodrigues due to the length of time that has passed since the loan was made. Nevertheless, Rodrigues continued to assert that he has valid defenses to recovery of the Rodrigues Transfer because he received the Rodrigues Transfer as a repayment of a $14,500 loan, the balance of which remains outstanding, in good faith and without any knowledge of the source of the funds or the voidable nature of the Rodrigues Transfer. Rodrigues informed the Trustee that he and his spouse were prepared to provide deposition testimony and testify at trial in support of his defenses.

25. M&K entered into an agreement in principal that provided for Rodrigues to pay the

Trustee $4,000 in settlement of his claim. M&K drafted a stipulation of settlement and presented it to Rodrigues for review and signature. Thereafter, Rodrigues failed or refused to execute the settlement agreement and, despite repeated requests for Rodrigues' cooperation in the matter, Rodrigues never again responded to the Trustee. Based upon the foregoing, M&K determined that the claim against Rodrigues was uncollectible.

26. On or about March 4, 2008, following application by M&K, the Court entered default judgments against Camargo, Manuel DeSousa, Josuel Santos, and Marcelo Santos in the amount of the transfers each received as mediate transferees of the Debtor. Despite the efforts of M&K, the Trustee has not recovered any amounts on account of the foregoing default judgments.

27. On January 20, 2006, M&K, at the request of the Trustee, filed the Chapter 7 Trustee's Objection to the Debtor's Claims of Exemption (the "Objection to Exemption"), asserting certain objection to the Debtor's claim of exemption in the amount of $16,500 in his vehicle. After negotiation with regard to the Objection to Exemptions, the Trustee agreed that the Debtor could validly exempt approximately $11,000 in exemption and accepted $2,500 in settlement of the Objection to Exemptions. M&K filed a motion to approve the compromise with the Debtor, which claim was ultimately allowed.

28. At the request of the Trustee, M&K reviewed the claims filed in the case. On or about July 19, 2012, *M&K filed the Objection to Claims of (1) Countrywide Home Loans, Inc. and (2) Internal Revenue Service* (the "Objection.") Among other things, the Objection included an objection to the asserted secured claim of the Internal Revenue Service (the "IRS") on the grounds that the Trustee recovered funds for the Estate as a result the avoidance of the Transfer on or about December 1, 2002. M&K asserted that the IRS did not perfect its lien on property of the Debtor prior to the Transfer. As such, M&K argued that the Trustee did not administer property subject to the IRS' secured lien

29. No response was field by Countrywide Home Loans, Inc. to the Objection, and the Trustee's objection to that claim was sustained.

30. The IRS filed a response to the Objection, disputing the Trustee's claim that its secured claim did not extend to the funds recovered by the Trustee. The IRS argued that the money paid by the Debtor to Camargo was a loan based upon the Debtor's assertion in his Schedules and Statement of Financial Affairs, and as such, the amount owed by Camargo was an account receivable subject to the IRS' lien. A hearing was set with regard to the Objection. At the hearing, the Court ordered the Trustee to file an affidavit setting forth his analysis of an asserted loan listed on the Debtor's Schedule B of his Schedules and Statement of Financial Affairs. The Court further ordered the IRS to file evidence of its secured claim.

31. In response to the Court's order, on September 27, 2012, M&K prepared and filed, on behalf of the Trustee, the *Affidavit of Harold B. Murphy in Support of Chapter 7 Trustee's Objection to Claim of Internal Revenue Service* (the "Affidavit.")

32. The Court took the Objection under advisement and issued an opinion with regard to the Objection on November 2, 2012, sustained the Objection as to the IRS' secured status, but not as to the amount of the IRS' claim. In light of the date of the claim, the IRS' claim is an unsecured, non-priority claim and has been treated as such in the Trustee's Final Report.

33. Estate tax returns have been prepared and filed, and the Trustee has otherwise completed his administration of the case.

**Application for Commission by Chapter 7 Trustee**

34. The Trustee's services as set forth in the Application relate to the administration of the Estate, including the prosecution of the claims arising from the Adversary Proceeding.

35. Services performed by the Trustee during the case included the following:

  (i) Preparing for and conducting a section 341 meeting;

      (ii)     Reviewing the Debtor's assets, schedules, statement of financial affairs, claims of exemption, and tax returns;

      (iii)    Requesting a bar date;

      (iv)    Analyzing claims;

      (v)     Investigating in an attempt to locate various defendants in the Adversary Proceeding, including reviewing public records;

      (vi)    Coordinating the service of summons and complaints;

      (vii)   Drafting and filing requests for alias summonses due to issues with service of the summonses;

      (viii)  Monitoring the progress in the Adversary Proceeding;

      (ix)    Conferring with counsel regarding strategy and settlement offers;

      (x)     Reconciling bank accounts; and

      (xi)    Drafting the Trustee's Final Report.

36.    A biographical description of each M&K attorney who provided Trustee services during the case is attached as <u>Exhibit A</u>.

37.    The primary services performed by Trustee in this matter are summarized in this Application. A detailed narrative of the services rendered by the Trustee during the Application Period is attached as <u>Exhibit B</u>. These detailed time records include: (i) the dates of all services rendered; (ii) detailed descriptions of the services rendered; (iii) the amount of time spent on the services, broken into detail; and (iv) the identity of the person rendering the services. The hourly rates, including the relevant increases, are set forth therein.

38.    Based upon the foregoing, the Trustee submits that its commission requested is reasonable and should be approved by the Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order: (a) authorizing and approving payment to the Trustee of his commission in the amount of $2,033.55 for

services rendered and (b) granting the Trustee such other and further relief as the Court deems just and proper in the circumstances.

                Respectfully submitted,

                HAROLD B. MURPHY, CHAPTER 7 TRUSTEE

                By his attorneys,

                /s/ Kathleen R. Cruickshank
                Harold B. Murphy (BBO # 362610)
                Kathleen R. Cruickshank (BBO #550675)
                MURPHY & KING, Professional Corporation
                One Beacon Street, 21st Floor
                Boston, MA  02108
                Tel:    (617) 423-0400 - Fax: (617) 556-8985

Dated: January 29, 2013        Email: krc@murphyking.com
632990

### Exhibit A: Biographies

*Application of Chapter 7 Trustee for Allowance of Commission*

**HAROLD B. MURPHY,** born Boston, Massachusetts; admitted to bar, 1981, Massachusetts. Education: Harvard College (A.B., cum laude, 1977); Suffolk University Law School (J.D., 1981). Law Clerk: to the U.S. Trustee, Districts of Maine, New Hampshire, Massachusetts and Rhode Island, 1980-1981; to the Hon. Thomas W. Lawless, Chief Judge, U.S. Bankruptcy Court, Boston, Massachusetts, 1981 - 1984. Panelist, N.E. Annual Conference, Commercial Law League, 1983 and 1984. Member: Boston, Massachusetts and American Bar Associations.

**KATHLEEN R. CRUICKSHANK,** born Quincy, Massachusetts; admitted to bar, 1987, Massachusetts, 1988, U.S. District Court of Massachusetts. Education: Brown University (B.S. 1984); Boston University School of Law (J.D. 1987). Law Clerk to the United States Trustee, 1985-87. Member, American Bankruptcy Institute, Boston Bar Association. **Practice Areas:** Bankruptcy.

**D. ETHAN JEFFERY** – Shareholder. **Admissions:** 1996, Massachusetts. Other Bar and Court Admissions: Pennsylvania, U.S. District Court, Districts of Massachusetts, New Jersey, and the Eastern District of Pennsylvania, U.S. Court of Appeals, First and Third Circuits. **Education:** University of New Hampshire (B.A., 1987); Villanova Law School (J.D., 1991). **Member:** American Bar Association, Boston Bar Association, American Bankruptcy Institute. **PRACTICE AREAS:** Bankruptcy and Financial Restructuring.

**CHRISTIAN J. URBANO,** Associate. **Admissions**: 2000, Massachusetts; 2001, U.S. District Court for the District of Massachusetts; 2006, U.S. Court of Appeals for the First Circuit. **Education**: Boston College Law School, *summa cum laude* (J.D. 1999); Salve Regina University, (M.S. 1992); Salve Regina University, *summa cum laude* (B.A. 1991). Clerkship: Law Clerk to the Honorable Justice Robert G. Flanders, Jr., Supreme Court of Rhode Island, 1999-2000. Member, American Bankruptcy Institute, Boston Bar Association, Bankruptcy Section. **PRACTICE AREAS:** Bankruptcy Law and Litigation.

**AMANDA CASPERSON,** born Stoughton, Massachusetts. Education: Northeastern University (Paralegal Certificate); Legal Assistant (Bankruptcy), Murphy & King, Dec. 2000 – present.

643803-v1

## Exhibit B: Time Detail

*Application of Chapter 7 Trustee for Allowance of Commission*

| Date | Atty | Description | Hours |
|---|---|---|---|
| 12/28/05 | DEJ | Review Cabral file regarding status | .50 |
| 12/30/05 | DEJ | Review file and exemption issues | .40 |
| 01/03/06 | MXC | Draft and e-file letter re: requesting bar date | .20 |
| 01/03/06 | MXC | Draft Application, Affidavit, Declaration and Certificate of Service re: retention of Hanify & King | .40 |
| 05/18/06 | MXC | Draft claims analysis chart | .40 |
| 06/08/06 | MXC | Open bank account; deposit check re: exemption settlement | .20 |
| 07/14/06 | MXC | Reconcile June bank accounts; update files | .10 |
| 08/14/06 | MXC | Reconcile July bank account; update files | .10 |
| 09/14/06 | MXC | Reconcile August bank account; update files | .10 |
| 10/19/06 | MXC | Reconcile September bank account; update files | .10 |
| 11/13/06 | MXC | Reconcile October bank statement; update files | .10 |
| 12/07/06 | MXC | Reconcile November bank statement; update files | .10 |
| 01/22/07 | MXC | Reconcile December bank statements; update files | .10 |
| 03/23/07 | MXC | Reconcile February bank account; update files | .10 |
| 04/09/07 | MXC | Reconcile March bank statements; update files | .10 |
| 05/08/07 | CJU | Email to and from E. Jeffery regarding strategy with respect to obtaining information from debtor on location of defendants in avoidance action | .10 |
| 05/11/07 | MXC | Reconcile April bank account; update files | .10 |
| 05/25/07 | CJU | Draft letter to debtor's counsel requesting address information on various defendants to adversary proceeding | .40 |
| 06/07/07 | MXC | Reconcile May bank account; update files | .10 |
| 07/12/07 | MXC | Reconcile bank statements; update files | .10 |
| 07/16/07 | CJU | Follow-up with E. Jeffery regarding strategy for settling with BOA in Camargo preference matter | .10 |
| 07/17/07 | CJU | Draft and edit letter to Debtor's counsel regarding address information and discharge revocation for failure to assist Trustee | .20 |
| 07/24/07 | CJU | Confer with E. Jeffery regarding deadline to serve remaining defendants | .10 |
| 07/26/07 | MXC | Research numerous registry of deeds re: defendants listed in adversary proceeding | 1.00 |
| 08/09/07 | MXC | Reconcile bank account; update files | .10 |
| 09/13/07 | MXC | Reconcile bank accounts; update files | .10 |
| 10/04/07 | CJU | Cause subpoenas to be served on banks and RMV | .10 |
| 10/04/07 | CJU | Confer with E. Jeffery regarding service of subpoenas on banks and RMV for address information for service of summons/complaint on mediate transferee defendants | .20 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| 10/04/07 | CJU | Review RMV website and statutes concerning service of subpoena information and privacy rights of defendants under MGL | 1.50 |
| 10/04/07 | CJU | Review Citizens Bank checks and prepare third-party subpoenas and exhibits for each of Sovereign Bank, Crescent Credit Union and the Registry of Motor Vehicles | 2.00 |
| 10/10/07 | CJU | Phone discussion with RMV regarding requests sought in subpoena | .10 |
| 10/12/07 | CJU | Confer with C. Bennett regarding service of summons/complaint on defendants and/or amendment of complaint to add defendants' business entity | .10 |
| 10/12/07 | MXC | Reconcile bank statements; update files | .10 |
| 10/15/07 | CJU | Coordinate service of subpoena on Citizens Bank and service on parties | .10 |
| 10/15/07 | CJU | Review local rules, draft request for alias summons and file same | .30 |
| 10/18/07 | CJU | Review all subpoenas and contact subpoena server regarding status of service on Crescent Credit Union and cert of service | .10 |
| 10/19/07 | CJU | Draft status update for E. Jeffery regarding service of process on various defendants and settlement discussions with Bank of America counsel | .10 |
| 10/19/07 | CJU | Draft and file request for alias summons for DeSousa | .20 |
| 10/22/07 | CJU | Phone discussion with Crescent Credit Union regarding additional address for Manuel DeSousa; obtain alias summons and cause service of process on Manuel DeSousa and filing of certificate of service of same | .10 |
| 11/16/07 | MXC | Reconcile bank statement; update files | .10 |
| 11/20/07 | CJU | Create spreadsheet to determine default dates for subsequent transferee defendants | .10 |
| 12/10/07 | MXC | Reconcile bank accounts; update files | .10 |
| 01/02/08 | CJU | Review and update defendant spreadsheet | .10 |
| 01/10/08 | MXC | Reconcile bank accounts; update files | .10 |
| 02/11/08 | MXC | Reconcile bank account; update files | .10 |
| 03/05/08 | HBM | Conference with C. Urbano re: case status and issues | .30 |
| 03/13/08 | MXC | Reconcile bank accounts; update files | .10 |
| 04/02/08 | CJU | Update files and status chart for litigation | .10 |
| 04/02/08 | CJU | Draft email to E. Jeffery re: settlement offers and strategy for avoidance action | .20 |
| 04/02/08 | CJU | Draft email to E. Jeffery re: settlement offers and strategy for avoidance action | .40 |
| 04/10/08 | MXC | Reconcile bank account; update files | .10 |
| 04/28/08 | MXC | Deposit check re: settlement | .10 |
| 05/09/08 | MXC | Reconcile bank accounts; update files | .10 |
| 06/13/08 | MXC | Reconcile bank account; update files | .10 |
| 07/10/08 | MXC | Reconcile bank accounts; update files | .10 |
| 08/11/08 | MXC | Reconcile bank accounts; update filing | .10 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 09/15/08 | MXC | Reconcile bank accounts; update files | .10 |
| 10/16/08 | MXC | Reconcile bank account; update files | .10 |
| 11/07/08 | MXC | Reconcile bank accounts; update files | .10 |
| 12/08/08 | MXC | Reconcile November bank accounts; update files | .10 |
| 01/07/09 | CJU | Coordinate service of subpoenas through DHR Associates, Inc. constables | .20 |
| 01/07/09 | CJU | Update adversary proceeding status chart | .30 |
| 01/15/09 | CJU | Review return of service for each subpoena duces tecum | .10 |
| 01/19/09 | MXC | Reconcile bank account; update files | .10 |
| 02/09/09 | CJU | Phone call to stenographers re: deposition schedule | .10 |
| 02/26/09 | MXC | Cut check re: DHR Associates | .10 |
| 03/03/09 | CJU | Phone discussion with clerk M. Murray re: same | .20 |
| 03/03/09 | CJU | Draft and edit cover letter to M. Murray re: writs of execution on default judgments | .20 |
| 03/16/09 | MXC | Reconcile bank account; update files | .10 |
| 04/16/09 | MXC | Reconcile bank accounts; update files | .10 |
| 05/07/09 | MXC | Reconcile bank accounts; update files | .10 |
| 06/08/09 | MXC | Reconcile bank accounts; update files | .10 |
| 07/06/09 | MXC | Reconcile bank accounts; update files | .10 |
| 08/13/09 | MXC | Reconcile bank accounts; update files | .10 |
| 09/03/09 | MXC | Reconcile bank accounts; update files | .10 |
| 10/01/09 | MXC | Reconcile bank accounts; update files | .10 |
| 11/06/09 | MXC | Reconcile bank accounts; update files | .10 |
| 12/10/09 | MXC | Reconcile bank accounts; update files | .10 |
| 01/04/10 | MXC | Reconcile bank accounts; update files | .10 |
| 02/08/10 | MXC | Reconcile bank accounts; update files | .10 |
| 03/04/10 | MXC | Reconcile bank accounts; update files | .10 |
| 04/15/10 | MXC | Reconcile bank accounts; update files | .10 |
| 05/14/10 | MXC | Reconcile bank accounts; update files | .10 |
| 06/10/10 | MXC | Reconcile bank accounts; update files | .10 |
| 07/12/10 | MXC | Reconcile bank accounts; update files | .10 |
| 08/09/10 | MXC | Reconcile bank accounts; update files | .10 |
| 09/13/10 | MXC | Draft application to retain Verdolino & Lowey | .50 |
| 09/16/10 | MXC | Reconcile bank accounts; update files | .10 |
| 10/08/10 | MXC | Reconcile bank accounts; update files | .10 |
| 11/04/10 | MXC | Reconcile bank accounts; update files | .10 |
| 12/09/10 | MXC | Reconcile bank accounts; update files | .10 |
| 01/07/11 | MXC | Reconcile bank accounts; update files | .10 |
| 02/11/11 | MXC | Reconcile bank accounts; update files | .10 |
| 03/03/11 | MXC | Reconcile bank accounts; update files | .10 |
| 04/08/11 | MXC | Reconcile bank accounts; update files | .10 |
| 05/09/11 | MXC | Reconcile bank accounts; update files | .10 |
| 06/13/11 | MXC | Reconcile bank accounts; update files | .10 |
| 07/15/11 | MXC | Reconcile bank accounts; update files | .10 |
| 08/05/11 | MXC | Reconcile bank accounts; update files | .10 |
| 09/12/11 | MXC | Reconcile bank accounts; update files | .10 |

| Date | Initials | Description | Hours |
|---|---|---|---|
| 10/03/11 | MXC | Reconcile bank accounts; update files | .10 |
| 11/09/11 | MXC | Reconcile bank accounts; update files | .10 |
| 12/02/11 | MXC | Reconcile bank accounts; update files | .10 |
| 01/17/12 | MXC | Reconcile bank accounts; update files | .10 |
| 02/02/12 | MXC | Reconcile bank accounts; update files | .10 |
| 03/05/12 | MXC | Reconcile bank accounts; update files | .10 |
| 04/03/12 | MXC | Reconcile bank accounts; update files | .10 |
| 06/04/12 | MXC | Reconcile 2 months of bank statements and update files | .20 |
| 07/02/12 | MXC | Reconcile bank accounts; update files | .10 |
| 07/18/12 | KRC | Work on Trustee's Final Report | .30 |
| 08/10/12 | MXC | Reconcile bank accounts; update files | .10 |
| 09/05/12 | MXC | Reconcile bank accounts; update files | .10 |
| 09/26/12 | MXC | Copy and send taxes; cut checks re: same | .20 |
| 10/05/12 | MXC | Reconcile bank accounts; update files | .10 |
| 11/02/12 | MXC | Reconcile bank accounts; update files | .10 |
| 11/05/12 | MXC | Deposit check re: refund | .10 |
| 12/12/12 | MXC | Deposit check re: tax refund | .10 |
| 12/12/12 | MXC | Reconcile bank accounts; update files | .10 |

| **Attorney** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| CHRISTIAN J. URBANO | 6.70 | 290.00 | 1,943.00 |
| CHRISTIAN J. URBANO | 1.10 | 315.00 | 346.50 |
| D. ETHAN JEFFERY | .90 | 375.00 | 337.50 |
| HAROLD B. MURPHY | .30 | 495.00 | 148.50 |
| KATHLEEN R. CRUICKSHANK | .30 | 435.00 | 130.50 |
| MANDY CASPERSON | .60 | 140.00 | 84.00 |
| MANDY CASPERSON | 1.50 | 145.00 | 217.50 |
| MANDY CASPERSON | 2.30 | 150.00 | 345.00 |
| MANDY CASPERSON | 2.00 | 160.00 | 320.00 |
| MANDY CASPERSON | 1.70 | 165.00 | 280.50 |
| MANDY CASPERSON | 1.20 | 170.00 | 204.00 |
| MANDY CASPERSON | 1.40 | 180.00 | 252.00 |
| MANDY CASPERSON | .20 | 185.00 | 37.00 |
| **Total Fees** | | | **$4,646.00** |

643802-v1