# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 7** |
| **PAULO CABRAL,** | ) | **Case No. 05-11663-JNF** |
| Debtor. | ) | |
| | ) | |

## APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MURPHY & KING, PROFESSIONAL CORPORATION, COUNSEL TO THE CHAPTER 7 TRUSTEE

To The Honorable Joan N. Feeney, United States Bankruptcy Judge:

Murphy & King, Professional Corporation ("M&K"), counsel to Harold B. Murphy, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Paulo Cabral (the "Debtor"), respectfully submits this Application for Compensation and Reimbursement of Expenses ("Application") in accordance with 11 U.S.C. §§328, 330 and 331 requesting allowance of its fees in the amount of $22,686.00 and expenses in the amount of $2,035.94. As is set forth in additional detail herein, this case is administratively insolvent.  In support of this Application, M&K states as follows:

### Introduction

1.      On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code").  On November 10, 2005, the Debtor filed a Motion to Convert Case to Chapter 7. On November 28, 2005 (the "Conversion Date"), the Court allowed the Motion.

2.      The Trustee is the duly appointed chapter 7 trustee of the Debtor.

3.      On May 8, 2006, the Trustee filed an application with the Bankruptcy Court (the "Court") to retain M&K (formerly Hanify & King) as his counsel to assist him with the administration of the case. The application was approved by Court Order dated May 9, 2006.

4.      Pursuant to this Application, M&K requests allowance of fees in the amount of

$22,686.00 for services rendered and reimbursement of expenses in the sum of $2,035.94.

### Summary of Service Rendered

5.      On the Debtor's Schedules of Assets and Liabilities, the Debtor scheduled a loan

due from Pedro Camargo[1] ("Camargo") in the amount of $150,000.

6.      At the Debtor's Section 341 meeting, the Trustee questioned the Debtor about the

alleged loan. The Debtor testified that: (i) he had made a payment to Camargo approximately

three years prior to the Petition Date; (ii) Camargo promised to return the payment in a year; (iii)

the Debtor hired an attorney to sue Camargo for return of the payment, but Camargo returned to

Brazil before he could be served with a summons; (iv) at one point, Camargo promised to wire

the money, but did not; (v) he received a call from Camargo in Brazil stating that he would be

paid within a short time; (vi) he conducted an asset check on Camargo and determined that he

had sold his home in Fall River; (vii) he spoke to other members of Camargo's family, including

his daughter; (viii) based on his discussions with Camargo's family members and his

investigation of the Debtor's assets, the Debtor believed Camargo had no assets.

7.      Following the Section 341 meeting, the Trustee determined that on or about

December 1, 2002, the Debtor paid (the "Transfer") to Pedro L. Camargo ("Camargo") a check

in the amount of $133,000 (the "Payment") and that the Debtor received no consideration for the

Transfer.

8.      On January 9, 2006, in furtherance of the Trustee's investigation into the

Payment, M&K filed the *Motion for Authority to Conduct Rule 2004 Examination of the Keeper

of the Records of Citizens Bank* (collectively, the "2004 Motions"). M&K obtained Court

---

[1] The Debtor's schedules refer to a Pedro "Camardo," while the Trustee later uncovered evidence of a transfer by the Debtor to a Pedro "Camargo." The Trustee believes that the Schedules contain a typographical error.

authority to subpoena Camargo's bank records and determined that Camargo deposited the

Payment into his bank account at Citizens Bank, and that Citizens Bank subsequently honored

the Payment. The records produced demonstrated that with the proceeds of the Payment,

Camargo made numerous transfers to various third parties.

9.　　　Also on January 9, 2006, M&K filed the *Motion for Authority to Conduct Rule

2004 Exam of Pedro Camargo*, which the Court subsequently allowed.  One of the purposes of

the examination was to determine whether the Payment was in fact a loan or a fraudulent

conveyance.  Camargo failed to appear to be examined.

10.　　　The Debtor did not produce, nor was M&K able to obtain, any additional

documentation relating to the Payment that would be consistent with a loan transaction, such as a

promissory note.  M&K subsequently determined from a conversation with Debtor's counsel on

May 22, 2006, that Camargo had allegedly convinced the Debtor to give him money for an

"investment" in Brazil.

11.　　　Upon the Trustee's request, M&K made demand upon Camargo and each of the

third parties for return of the payments to the Trustee, without success.

12.　　　On March 8, 2007, M&K, on behalf of the Trustee, commenced an adversary

proceeding (the "Adversary Proceeding") against Camargo and each of his third party transferees

with the filing of the *Complaint to Avoid and Recover Avoidable Transfers* (the "Complaint").

In the Complaint, the Trustee sought to, among other things, avoid and recover the Transfer to

Camargo and his subsequent payments as fraudulent transfers under 11 U.S.C. §§ 544(b) and

550(a)(2), and Mass. Gen. Laws ch. 109A, §§ 5(a) and 6(a).

13.　　　Or about March 4, 2008, upon M&K's request, the Court entered a default

judgment against Camargo.  M&K attempted to collect upon the judgment, serving Camargo

with a subpoena to compel his appearance at a deposition in order to advance the Trustee's

collection of the default judgment. Camargo failed to appear. M&K attempted to track Camargo

utilizing public records and by conferring with parties who were acquainted with him. After an

investigation, M&K determined that Camargo, upon information and belief, had left the country

and was residing in Brazil. M&K and the Trustee ultimately concluded that the the judgment

obtained against Camargo was uncollectible.

14.    Of the eight remaining defendants who were intermediate transferees, one

defendant died and a second defendant appeared to have no liability because his apparent

involvement in the alleged fraudulent transfer was the result of identity theft. Of the six

remaining defendants and intermediate transferees, as is set forth in more detail herein, the

Trustee settled with two and obtained default judgments against three. With respect to the final

defendant, the Trustee determined that the claim was likely uncollectable, and that no benefit

would inure to the Estate by the Trustee's continued efforts to litigate this matter.

15.    Sostenes Souza ("Souza"), one of the defendants in the Adversary Proceeding,

failed to serve and file an answer or otherwise appear and file a response to the Complaint. On

January 30, 2008, Souza sent an informal letter to the Trustee asserting, among other things, that

in June 2002 he loaned money to Camargo and that the transfer of $7,500 he received was

Camargo's repayment of the loan (the "Souza Transfer"). Souza further asserted that he was

unaware of the source of the funds Camargo used to make the Souza Transfer and that he never

discussed the source of the funds with Camargo.

16.    Souza agreed to provide supporting documentation of the loan he allegedly made

to Camargo. Despite repeated requests, however, the Trustee did not receive such

documentation. Accordingly, on or about February 26, 2008, the Trustee filed a request for entry

of default against Souza. By order dated March 10, 2008, this Court entered default against

Souza.

4

17.     In April 2008, Souza provided supporting documentation for the loan he made to Camargo and continued to deny the allegations contained in the Complaint. In addition, Souza continued to assert that he had a valid defense to recovery of the Souza Transfer because he received the Souza Transfer as a repayment of a debt, in good faith and without any knowledge of the source of the funds or the voidable nature of the Souza Transfer.

18.     To avoid the costs of formal discovery and the risks associated with litigating the Adversary Proceeding against Souza, the Trustee and Souza entered into a settlement to pay the Trustee $2,000 in settlement of the Trustee's claims arising from the Souza Transfer, subject to the approval of this Court.

19.     Bank of America, N.A. ("BOA"), one of the defendants in the Adversary Proceeding, received $12,444 of the proceeds of the Payment from Camargo.  On or about April 12, 2007, BOA filed an answer to the Complaint, denying certain allegations in the Complaint and raising various legal and equitable affirmative defenses.  Thereafter, M&K and BOA engaged in informal discovery.  BOA asserted that it had valid defenses against the claims asserted by the Trustee in the Adversary Proceeding, but due to the merger with its predecessor, Fleet National Bank, BOA, following a review of its books and records, failed to produce documents revealing why Camargo made payment to BOA.

20.     On or about May 7, 2008, M&K filed the Motion to Approve Settlement Stipulation By and Between Harold B. Murphy, As Chapter 7 Trustee and Bank of America, N.A. (As Successor to Fleet National Bank) Regarding Complaint to Avoid and Recover Avoidable Transfers, pursuant to which BOA paid $8,000 to the Trustee for the benefit of the estate in settlement of the Trustee's claims.  On June 4, 2008, the Court approved the settlement.

21.     Another of the defendants in the Adversary Proceeding was Mario Rodrigues, to whom Camargo had transferred $11,000 (the "Rodriguez Transfer") of the proceeds of the

Payment. On December 14, 2007, Rodrigues filed an answer to the Complaint in the form of a letter to the Court, asserting that he loaned money to Camargo and that the Rodrigues Transfer was Camargo's repayment of the loan. Rodrigues further asserted that he was unaware of the source of the funds Camargo used to make the Rodrigues Transfer

22.    M&K and Rodrigues subsequently entered into negotiations to settle the claims against Rodrigues contained in the Complaint. Rodrigues asserted that his bank was unable to provide supporting documentation of the alleged loan to Camargo from Rodrigues due to the length of time that has passed since the loan was made. Nevertheless, Rodrigues continued to assert that he has valid defenses to recovery of the Rodrigues Transfer because he received the Rodrigues Transfer as a repayment of a $14,500 loan, the balance of which remains outstanding, in good faith and without any knowledge of the source of the funds or the voidable nature of the Rodrigues Transfer. Rodrigues informed the Trustee that he and his spouse were prepared to provide deposition testimony and testify at trial in support of his defenses.

23.    M&K entered into an agreement in principal that provided for Rodrigues to pay the Trustee $4,000 in settlement of his claim. M&K drafted a stipulation of settlement and presented it to Rodrigues for review and signature. Thereafter, Rodrigues failed or refused to execute the settlement agreement and, despite repeated requests for Rodrigues' cooperation in the matter, Rodrigues never again responded to the Trustee. Based upon the foregoing, M&K determined that the claim against Rodrigues was uncollectible.

24.    On or about March 4, 2008, following application by M&K, the Court entered default judgments against Camargo, Manuel DeSousa, Josuel Santos, and Marcelo Santos in the amount of the transfers each received as mediate transferees of the Debtor. Despite the efforts of M&K, the Trustee has not recovered any amounts on account of the foregoing default judgments.

25.    On January 20, 2006, M&K, at the request of the Trustee, filed the Chapter 7

6

Trustee's Objection to the Debtor's Claims of Exemption (the "Objection to Exemption"), asserting certain objection to the Debtor's claim of exemption in the amount of $16,500 in his vehicle. After negotiation with regard to the Objection to Exemptions, the Trustee agreed that the Debtor could validly exempt approximately $11,000 in exemption and accepted $2,500 in settlement of the Objection to Exemptions. M&K filed a motion to approve the compromise with the Debtor, which claim was ultimately allowed.

26.      At the request of the Trustee, M&K reviewed the claims filed in the case. On or about July 19, 2012, *M&K filed the Objection to Claims of (1) Countrywide Home Loans, Inc. and (2) Internal Revenue Service* (the "Objection.") Among other things, the Objection included an objection to the asserted secured claim of the Internal Revenue Service (the "IRS") on the grounds that the Trustee recovered funds for the Estate as a result the avoidance of the Transfer on or about December 1, 2002. M&K asserted that the IRS did not perfect its lien on property of the Debtor prior to the Transfer. As such, M&K argued that the Trustee did not administer property subject to the IRS' secured lien

27.      No response was field by Countrywide Home Loans, Inc. to the Objection, and the Trustee's objection to that claim was sustained.

28.      The IRS filed a response to the Objection, disputing the Trustee's claim that its secured claim did not extend to the funds recovered by the Trustee. The IRS argued that the money paid by the Debtor to Camargo was a loan based upon the Debtor's assertion in his Schedules and Statement of Financial Affairs, and as such, the amount owed by Camargo was an account receivable subject to the IRS' lien. A hearing was set with regard to the Objection. At the hearing, the Court ordered the Trustee to file an affidavit setting forth his analysis of an asserted loan listed on the Debtor's Schedule B of his Schedules and Statement of Financial Affairs. The Court further ordered the IRS to file evidence of its secured claim.

29.    In response to the Court's order, on September 27, 2012, M&K prepared and

filed, on behalf of the Trustee, the *Affidavit of Harold B. Murphy in Support of Chapter 7*

*Trustee's Objection to Claim of Internal Revenue Service* (the "Affidavit.")

30.    The Court took the Objection under advisement and issued an opinion with regard

to the Objection on November 2, 2012, sustained the Objection as to the IRS' secured status, but

not as to the amount of the IRS' claim.  In light of the date of the claim, the IRS' claim is an

unsecured, non-priority claim and has been treated as such in the Trustee's Final Report.

31.    Estate tax returns have been prepared and filed, and the Trustee has otherwise

completed his administration of the case.

## APPLICATION BY M&K

32.    As more fully described herein, M&K has provided legal services to the Trustee

with respect to his administration of the Estate, and in particular, the prosecution of the

Adversary Proceeding.  Given the size of the Payment, which M&K concluded was a fraudulent

transfer, M&K expended considerable effort in its attempts to avoid and recover upon both the

Transfer to Camargo and Camargo's subsequent transfers to the other defendants in the

Adversary Proceeding.  A large portion of M&K's efforts related to simply locating several of

the defendants and then attempting to litigate with *pro se* defendants who were generally

unresponsive to discovery requests.  As is detailed herein, M&K obtained numerous default

judgments which proved to be uncollectable. M&K ultimately determined that the administrative

expenses it continued to incur as a result of its ongoing collection efforts were not warranted

given the amounts of the various default judgments, especially because its efforts to locate

Camargo, against whom the Trustee held the largest default judgment, proved to be fruitless.  As

a result of the efforts of M&K to create a significant dividend to creditors, the case has become

administratively insolvent.

33.     Attached hereto as <u>Exhibit A</u> is a copy of the order authorizing M&K's retention

as counsel.  <u>Exhibit B</u> contains a biographical description of each attorney who provided

services.  Attached hereto as <u>Exhibit C</u> is a detailed summary of the services rendered by M&K

as counsel to the Trustee.  Services provided to the Trustee can be summarized as follows:

a.    Drafting an application to employ M&K and Verdolino and Lowey, P.C., the
      Trustee's accountant;

b.    Reviewing the Debtor's assets and exemptions;

c.    Conferring with counsel to the Debtor regarding the Trustee's objections to the
      Debtor's claim of exemptions, drafting an objection to the Debtor's claim of
      exemption, and attending a hearing with regard to the same;

d.    Drafting a motion to approve stipulation with the Debtor regarding the
      compromise of the objection to exemptions, drafting a motion for approval of
      same, and coordinating providing of notice;

e.    Reviewing documents with regard to the Payment and conferring with Citzens
      Bank regarding the same;

f.    Drafting motions to take the 2004 examination of Citizens Bank and Camargo;

g.    Drafting and revising the Complaint and motion to defer payment of filing fee;

h.    Arranging for service of summonses and complaints upon defendants named in
      the Adversary Proceeding;

i.    Reviewing answers to complaints;

j.    Drafting and editing motions seeking default judgments, affidavits in support, and
      arranging for service of same;

k.    Conferring with counsel for BOA regarding discovery issues;

l.    Conferring with counsel for BOA regarding settlement of the Trustee's claim;

m.    Research, drafting, editing and filing motions to obtain alias summons regarding
      remaining defendants that M&K was not able to serve within the original
      deadline;

n.    Researching public records and conferring with third parties to obtain information
      regarding defendants not located by M&K;

o. Conferring with certain of the defendants regarding their defenses to the Trustee's fraudulent transfer claim;

p. Conferring with defendant M. Almeida regarding his identity theft defense and requesting an affidavit in support of the defense;

q. Reviewing informal responses of defendants;

r. Engaging in formal and informal discovery with the various defendants;

s. Conferring with the Trustee regarding the status of the Adversary Proceeding and strategy regarding same;

t. Negotiation and drafting stipulations of settlement with BOA and Souza, drafting motions to approve the same, coordinating filing and service of the same;

u. Conferring with Rodrigues to create a discovery plan and regarding sanctions for failure to comply with discovery requests;

v. Investigating defendants' relationships, locations and potential assets based upon discussions with counsel and pro se defendants;

w. Conferring regarding litigation strategies;

x. Drafting subpoenas regarding post-default judgment execution and collection

y. Meeting with pro se defendant M. DeSousa regarding his inability to pay;

z. Drafting a stipulation of settlement with Rodrigues and a motion to approve same;

aa. Preparing for depositions of Camargo and Marcelo Santos;

bb. Preparing for informal interview with M. DeSousa regarding default judgment and collections;

cc. Conferring with M. DeSousa regarding his sworn testimony regarding assets, liabilities and income, meeting with M. DeSousa same;

dd. Drafts writs of execution and review procedure for obtaining executions on default judgments;

ee. Conferring with daughter of defendant Ribeiro regarding his death and verifying same;

ff. Drafting, editing and filing motions for approval of discovery plan along with discovery plan;

gg.  Conferring with Souza regarding motion for default; drafting withdrawal of motion for default judgment against Souza;

hh.  Preparing and serving initial required disclosures;

ii.  Drafting discovery requests;

jj.  Filing status report in Adversary Proceeding and taking steps to conclude same;

kk.  Reviewing proofs of claim;

ll.  Drafting the Objection;

mm.  Conferring with counsel to the IRS regarding the Objection;

nn.  Drafting hearing agenda regarding the Objection, including order sustaining Objection as it pertained to Countrywide Home Loans, Inc.;

oo.  Preparing for and attending hearing with regard to the Objection with respect to the claim of the IRS;

pp.  Preparing Trustee's affidavit in response to Court's order with respect to the Objection as it pertained to the claim of the IRS;

qq.  Conferring with Trustee regarding the preparation of his affidavit; and

rr.  Preparing fee applications for the Trustee and for M&K.

34.  Annexed to <u>Exhibit C</u> is a summary list of time expended by each professional in accordance with MLBR 2016-1(d).

35.  M&K expended a total of 66.7 hours in this matter for total requested compensation of $22,686.00 at its customary and usual hourly rates, for an average hourly rate of $340.11.

36.  During the Application Period, M&K has incurred expenses totaling $2,035.94. Attached hereto as <u>Exhibit D</u> is a summary of the expenses incurred for which reimbursement is herein sought.  M&K does not charge for incoming faxes.  Instead M&K charges $.50 per page for outgoing faxes, which M&K believes covers the expenses associated with facsimile usage. Copying charges are assessed at $.15 per copy.  Reimbursement for those costs, as well as all

other disbursements in this case, is sought in accordance with MLBR 2016-1, In re Malden

Mills, Inc., 281 B.R. 493 (Bankr. D. Mass. 2002), and in In re Bank of New England, 134 B.R.

450 (Bankr. D. Mass. 1991).

37.    M&K submits that compensation for the services rendered and reimbursement of

expenses incurred is reasonable based on: (i) the time and labor required; (ii) the complexity of

the legal questions presented; (iii) the skill required to perform the legal services; (iv) the

customary compensation in Massachusetts; and (v) the experience and ability of the attorneys

providing services.

38.    With respect to each of these standards, M&K submits that the compensation

requested is reasonable and appropriate.  As is set forth above, despite the efforts of M&K to

recover funds sufficient to pay a significant dividend to creditors, this case is administratively

insolvent.

39.    The amount requested by M&K is well within the range of customary

compensation awarded to other bankruptcy professionals with similar experience in the District

of Massachusetts.  The hourly rates charged by M&K, for both shareholders and associates, are

equal to or less than those charged by and paid to other professionals with similar experience in

other cases of similar complexity within the District.

40.    Based upon the foregoing, M&K asserts that approval of its fees and expenses, in

the amounts requested, is appropriate.

**WHEREFORE**, M&K respectfully moves the Court for an Order:

1)  approving and allowing its fees in the sum of $22,686.00 and reimbursement of expenses in

the sum of $2,035.94 for services rendered and expenses incurred in this case; and

12

2) granting such other relief as is just and proper.

MURPHY & KING,
PROFESSIONAL CORP., by:


  */s/Kathleen R. Cruickshank*
Kathleen R. Cruickshank (BBO #550675)
Murphy & King, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
Phone: (617) 423-0400
Email: krc@murphyking.com

DATED:  January 29, 2013
632991

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAULO CABRAL, | ) | **Chapter 7** |
| | ) | **Case No. 05-11663-JNF** |
| Debtor. | ) | |
| | ) | |

## APPLICATION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING RETENTION OF COUNSEL

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

Harold B. Murphy, the chapter 7 trustee (the "Trustee") of the above referenced debtor (the "Debtor"), respectfully request that this Court enter an order authorizing the retention of the law firm of Hanify & King, Professional Corporation ("H&K"), as his counsel pursuant to Section 327 of the United States Bankruptcy Code, Fed. R. Bankr. P. 2014 and MLBR 2014-1. In further support hereof, the Trustee states as follows:

1.      On March 9, 2005 (the "Petition Date"), the Debtor commenced a bankruptcy proceeding by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code").

2.      On November 10, 2005 the Debtor filed a motion to convert case to a Chapter 7.

3.      On November 28, 2005 an Order was issued allowing the motion to convert case to a Chapter 7. Thereafter, a bankruptcy estate (the "Estate") was created.

4.      The Trustee was appointed interim trustee of the Estate on November 30, 2005 and has continued to serve as Trustee since that date.

05/09/2006 Application granted.

Joan N. Feeney

# Exhibit B

**Exhibit B: Biographies**

***Application for Compensation and Reimbursement of Expenses by Murphy & King,***
***Professional Corporation, Counsel to the Chapter 7***

**ANDREW G. LIZOTTE,** born Framingham, Massachusetts; admitted to bar, 1991, Massachusetts; 1992, U.S. District Court, District of Massachusetts and U.S. District Court, District of Connecticut.  Education:  Bryant College (B.S., 1986); Suffolk University (J.D., 1991).  Summer Author, Suffolk University Law Review.  Member, Suffolk Transnational Law Journal.  Law Clerk to the Honorable James F. Queenan, Jr., U.S. Bankruptcy Court, District of Massachusetts.  Certified Public Accountant, Rhode Island, 1988.  Member:  Massachusetts and American Bar Associations.  **Practice Areas:**  Bankruptcy Law; Workouts.

**KATHLEEN R. CRUICKSHANK,** born Quincy, Massachusetts; admitted to bar, 1987, Massachusetts, 1988, U.S. District Court of Massachusetts.  Education:  Brown University (B.S. 1984); Boston University School of Law (J.D. 1987).  Law Clerk to the United States Trustee, 1985-87.  Member, American Bankruptcy Institute, Boston Bar Association.  **Practice Areas:** Bankruptcy.

**D. ETHAN JEFFERY** – Shareholder.  **Admissions:**  1996, Massachusetts**.**  Other Bar and Court Admissions:  Pennsylvania, U.S. District Court, Districts of Massachusetts, New Jersey, and the Eastern District of Pennsylvania, U.S. Court of Appeals, First and Third Circuits.  **Education:** University of New Hampshire (B.A., 1987); Villanova Law School (J.D., 1991).  **Member**:  American Bar Association, Boston Bar Association, American Bankruptcy Institute.  **PRACTICE AREAS:**  Bankruptcy and Financial Restructuring.

**CHRISTIAN J. URBANO,** Associate.  **Admissions**: 2000, Massachusetts; 2001, U.S. District Court for the District of Massachusetts; 2006, U.S. Court of Appeals for the First Circuit.  **Education**:  Boston College Law School, *summa cum laude* (J.D. 1999); Salve Regina University, (M.S. 1992); Salve Regina University, *summa cum laude* (B.A. 1991).  Clerkship: Law Clerk to the Honorable Justice Robert G. Flanders, Jr., Supreme Court of Rhode Island, 1999-2000.  Member, American Bankruptcy Institute, Boston Bar Association, Bankruptcy Section.  **PRACTICE AREAS:**  Bankruptcy Law and Litigation.

**JOHN C. ELSTAD** – Associate.  **Admissions:** 2002, Massachusetts; 2002, U.S. District Court for the District of Massachusetts; 2005 U.S. Court of Appeals for the Third Circuit.  2005 U.S. District Court for the Eastern District of Michigan.  **Education**:  University of Mississippi School of Law, *summa cum laude* (J.D. 2002); University of Toronto (M.A.Sc. 1987); McGill University (B.S. 1976).  **Member**: American Bankruptcy Institute, Boston Bar Association. **PRACTICE AREAS**: Bankruptcy.

**CHRISTINE E. WILKINS.**  Education:  Suffolk University (B.A. 1995); Suffolk University (Paralegal Certificate Program-Certificate to be Awarded); Legal Assistant (Workers Compensation), Marcotte Law Firm, 1999-2000; Legal Assistant (Tenant/Landlord, Construction Litigation, Real Estate, Estate Planning), Donahue & Donahue, 2000-2001; Paralegal (Landlord/Tenant, Civil Litigation), Boston Housing Authority, 2001-2007; Paralegal (Business Litigation, Construction Litigation), McCarter & English, 2007-2008; Paralegal [Contractor]

(Asset Forfeiture, Civil Litigation ), United States Attorney's Office for the District of Massachusetts, 2008-2011; Paralegal (Civil Litigation, Bankruptcy), Murphy & King, P.C., 2011 to present.

643839-v1

Exhibit C

## Exhibit C: Time Detail

### *Application for Compensation and Reimbursement of Expenses by Murphy & King, Professional Corporation, Counsel to the Chapter 7*

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 01/12/06 | DEJ | Review file re: note receivable | .40 |
| 01/20/06 | DEJ | Draft and review objection to exemptions | .90 |
| 01/26/06 | DEJ | Telephone call with A. Schultz re: objection to exemptions | .20 |
| 04/10/06 | DEJ | Telephone conferences with A. Schultz re: possible settlement of case | .40 |
| 04/10/06 | DEJ | Review truck appraisal, internet research re: value of truck | .60 |
| 04/11/06 | KRC | Prepare for hearing on trustee's objections to exemptions. | .40 |
| 04/11/06 | KRC | Travel to court; attend hearing on trustee's objection to exemptions; return to office. | .80 |
| 05/02/06 | DEJ | Prepare for and attend hearing on objection to exemptions | 1.00 |
| 05/15/06 | DEJ | Review file re: note receivable | .30 |
| 05/23/06 | DEJ | Prepare for and attend hearing on objection to exemptions | .90 |
| 06/05/06 | DEJ | Draft motion to approve stipulation with debtor | .60 |
| 07/24/06 | DEJ | Review documents re: transfer of 133K | .30 |
| 01/08/07 | DEJ | Draft and revise Camargo 2004 motion | .60 |
| 03/05/07 | DEJ | Review Bank documents; telephone conference with Citizens Bank re: same | .70 |
| 03/06/07 | DEJ | Telephone conference with S. Li re: missing documents | .20 |
| 03/08/07 | CJU | Review fraudulent transfer complaint | .10 |
| 03/08/07 | CJU | Confer with E. Jeffery regarding completion and filing of complaint | .10 |
| 03/08/07 | CJU | Draft motion to defer filing fee and certificate of service | .10 |
| 03/08/07 | CJU | Confer with E. Jeffery regarding discharge issue and debtor as defendant, exhibit revisions | .10 |
| 03/08/07 | CJU | Edit complaint, motion to defer filing fee and exhibit and cause all to be filed and motion to be served | .30 |
| 03/08/07 | CJU | Edit and finalize complaint against Camargo, et al | 2.10 |
| 03/20/07 | CJU | Phone discussion with P. Carey regarding Camargo fraudulent transfer complaint and acceptance of service of process | .20 |
| 03/21/07 | CJU | Review service of process and cause same to be served and c/s filed | .10 |
| 04/30/07 | CJU | Confer with E. Jeffery regarding Camargo default and Bank of America answer to fraudulent transfer complaint and strategies going forward | .10 |
| 04/30/07 | CJU | Review Bank of America answer and detail responses to E. Jeffery | .20 |
| 05/01/07 | CJU | Review docket and pleadings and draft request for default and default judgment | .40 |

| | | | |
|---|---|---|---|
| 05/04/07 | CJU | Draft and edit request for default, motion for default judgment, and related affidavits and documents | 2.00 |
| 05/07/07 | CJU | Phone call to counsel for Bank of America regarding status of Rule 26(f) conference and informal discovery issues | .10 |
| 05/07/07 | CJU | Phone discussion with Bank of America counsel regarding status of case and strategy for discovery against Cabral and/or Camargo and email to E. Jeffery regarding same | .20 |
| 05/07/07 | CJU | Draft and finalize request for default, motion for default judgment, related affidavits, orders and c/s and file and serve same | .90 |
| 07/13/07 | CJU | Emails to and from and phone disc with counsel to Bank of America regarding settlement of preference action against Camargo et al. | .30 |
| 07/24/07 | CJU | Research, draft, edit, file and cause to be served motion to enlarge 120-day deadline to serve remaining defendants, with related COS | 1.50 |
| 07/25/07 | CJU | Review order enlarging service of process to 10/30/07; confer with E. Jeffery regarding strategy for execution on Camargo judgment, negotiations with Bank of America, and locating remaining defendants; email to M. Spanos regarding registry searches | .20 |
| 10/04/07 | CJU | Review Camargo adversary proceeding negotiations with Bank of America counsel and contact same for status of Bank of America investigation and settlement | .20 |
| 10/04/07 | CJU | Draft and edit detailed email to counsel for Bank of America regarding settlement and litigation issues | .20 |
| 10/05/07 | CJU | Phone discussion with C. Vacca regarding status of avoidance action, Bank of America defenses to avoidance action and related subpoenas to obtain defendant address information | .20 |
| 10/11/07 | CJU | Phone discussion with K. Kohler at Sovereign regarding address and statement information for Sostenes Souze and Marcelo Ribeiro | .10 |
| 10/11/07 | CJU | Research Sec. of State information and online for address of S&S Real Estate, name on Sovereign account in which S. Souze and M. Ribeiro deposited checks | .30 |
| 10/15/07 | CJU | Review RMV document production relative to defendant addresses | .20 |
| 10/15/07 | CJU | Phone discussion with C. Vacca regarding Bank of America settlement and good faith defense | .20 |
| 10/15/07 | CJU | Review Citizens Bank production from earlier 2004 exam and draft additional subpoena to Citizens for information on M. Rodrigues for service of process before 10/30/07 | .60 |
| 10/19/07 | CJU | Phone discussion with Crescent Credit Union rep regarding address information for defendant Manny DeSousa and related timing for production of documents | .10 |

| | | | |
|---|---|---|---|
| 10/31/07 | CJU | Draft, edit and file motion to extend time to serve process on defendant Rodrigues; review order approving motion | .30 |
| 11/06/07 | CJU | Phone discussion with M. Almeida regarding background of fraudulent transfer proceeding and investigation into defendant Jose MV Almeida's identity for service of process; fax supporting documents to M. Almeida | .30 |
| 11/08/07 | CJU | Phone discussion with N. Plant, asst keeper of records for Citizens Bank regarding M. Rodrigues address information for service of process; review fax regarding address information | .10 |
| 11/19/07 | CJU | Phone discussion with M. Rodrigues regarding facts surrounding fraudulent transfer action and advised to seek counsel | .20 |
| 11/20/07 | CJU | Review and respond to phone message from M. DeSousa regarding extension of time to answer complaint | .10 |
| 11/28/07 | CJU | Phone discussion with M. DeSousa regarding status of case and request by him for extension of answer date | .10 |
| 12/14/07 | CJU | (Camargo) Review answer filed by M. Rodrigues, elements of good-faith defenses | .20 |
| 01/29/08 | CJU | Phone discussion with C. Vacca re: settlement offer from Bank of America on adversary proceeding | .10 |
| 01/29/08 | CJU | Follow-up with E. Jeffery re: settlement offer by Bank of America, demand letter on M. Rodrigues, and related issues | .10 |
| 01/30/08 | CJU | Draft and send settlement and Rule 26(f) letters to Almeida, Desousa, and Rodrigues | .40 |
| 02/01/08 | CJU | Review letter from S. Souza re: alleged loan repayment from Camargo as basis for good faith defense to fraudulent transfer | .10 |
| 02/04/08 | CJU | Phone discussion with S. Souza re: circumstances surrounding transfer from Camargo and related facts | .20 |
| 02/05/08 | CJU | Phone discussion with M. Almeida re: identity theft defense and affidavit request | .30 |
| 02/11/08 | CJU | Phone discussion with A. Filippone re: M. Rodrigues supporting documents and relationship to P. Camargo | .20 |
| 02/13/08 | CJU | Review Jose Almeida affidavit re: identity theft and update litigation status chart | .10 |
| 02/19/08 | CJU | Review informal responses from defendants and update defendant status chart | .20 |
| 02/19/08 | CJU | Review informal responses from defendants and update defendant status chart | .50 |
| 02/20/08 | CJU | Research final judgment for default judgment purposes | .40 |
| 02/20/08 | CJU | Draft and edit request for default judgment, affidavit and form of order; draft and edit motion for default judgment, affidavit and form of order; draft declaration and related COS for same | 1.30 |
| 02/21/08 | CJU | Email to H. Murphy re: status update on fraudulent transfer | .30 |

| | | action and Bank of America settlement offer | |
|---|---|---|---|
| 02/22/08 | CJU | Confer with M. Spanos re: status of real estate search for P. Camargo for default judgment execution | .10 |
| 02/22/08 | CJU | Draft email to H. Murphy re: status of case against multiple defendants | .10 |
| 02/26/08 | CJU | Phone call to S. Sousa re: expiration of time to send documents and related default | .10 |
| 02/26/08 | CJU | Draft edit and file request for entry of default against S. Sousa, affidavit, form or default entry, declaration and COS | .80 |
| 02/29/08 | CJU | Confer with E. Jeffery re: informal response from Ribeiro; review treatment by clerk as answer and confer with E. Jeffery re: strategy; review docket for 1/30/08 informal response by Sostenes Sousa | .40 |
| 03/04/08 | CJU | Review order entering default and default judgment against 3 of defendants (not Ribeiro) and update status chart; email status update to E. Jeffery | .20 |
| 03/05/08 | CJU | Email to C. Vacca re: acceptance of offer to settle with Bank of America | .10 |
| 03/05/08 | CJU | Confer with H. Murphy re: case status and settlement offer | .20 |
| 03/05/08 | CJU | Draft motion to settle with Bank of America | .30 |
| 03/06/08 | CJU | Review all claims, claims register and docket re: appearances, lender and tax secured claims and treatment of motion for relief from stay by lender | .60 |
| 03/06/08 | CJU | Draft and edit motion to approve settlement stipulation with Bank of America; draft and edit settlement stipulation; draft related COS | 1.40 |
| 03/07/08 | CJU | Phone call with DeSousa re: default judgment | .10 |
| 03/07/08 | CJU | Review and edit motion to approve settlement and settlement with Bank of America | .20 |
| 03/07/08 | CJU | Review Fall River registry of deeds online for mortgage and/or discharge documents between Camargo and DeSousa | .40 |
| 03/12/08 | CJU | Draft and edit letter to M. Rodrigues demanding Rule 7026(f) conference and requested information | .20 |
| 03/13/08 | CJU | Review letter from DeSousa's counsel attaching mortgage note and request to vacate default judgment | .10 |
| 03/28/08 | CJU | Review settlement agreement and motion to approve, confer with E. Jeffery and forward agreement to Bank of America counsel for comment and approval | .10 |
| 03/28/08 | CJU | Review registry of deeds for evidence of mortgage with DeSousa, phone discussion with C. Stevenson re: settlement of fraudulent transfer action and default judgment | .40 |
| 03/31/08 | CJU | Email to E. Jeffery re: status of AP against various defendants and issues concerning collection and execution on judgment | .10 |
| 03/31/08 | CJU | Draft letter to M. Rodrigues re: discovery plan and potential sanctions/motion to compel | .20 |

| 03/31/08 | CJU | Review Bankruptcy Rules and cases re: sanctions for failure to participate in forming discovery plan or otherwise defend | .40 |
| 03/31/08 | CJU | Investigate defendants' relationships, locations, and potential assets based upon recent discussions with counsel and pro se defendants; update files | .90 |
| 04/01/08 | CJU | Edit and finalize letter to M. Rodrigues | .10 |
| 04/01/08 | CJU | Review status of M. Ribeiro response and phone call to M. Ribeiro requesting settlement offer | .10 |
| 04/01/08 | CJU | Review status of S. Souza response and phone call to S. Souza requesting settlement offer | .10 |
| 04/01/08 | CJU | Phone call to M. Rodrigues to discuss settlement and posture of case | .20 |
| 04/01/08 | CJU | Research discovery plan sanctions | .30 |
| 04/02/08 | CJU | Phone discussion with S. Souza defenses re: settlement offer | .30 |
| 04/07/08 | CJU | Confer with E. Jeffery re:  litigation and settlement strategies regarding defendants Souza, Rodrigues and DeSousa | .10 |
| 04/22/08 | CJU | Email to C. Vacca acknowledging receipt of settlement payment and requesting executed settlement agreement | .10 |
| 04/30/08 | CJU | Phone settlement discussions with S. Souza re: fraudulent transfer actions; review documents faxed from S. Souza in support of defenses | .10 |
| 05/02/08 | CJU | Email to C. Vacca re: execution of settlement with Bank of America and filing of motion to approve same | .10 |
| 05/06/08 | CJU | Phone call to M. Rodrigues re: rejection of settlement and continued negotiations | .10 |
| 05/06/08 | CJU | Phone call to C. Vacca re: motion to approve settlement with Bank of America and authority to file settlement agreement | .10 |
| 05/07/08 | CJU | Phone call from C. Vacca consenting to form of settlement agreement; file motion to approve and settlement agreement and cause same to be filed | .10 |
| 05/07/08 | CJU | Phone discussion with C. Vacca; edit settlement agreement to include provision to dismiss AP against Bank of America only, upon court approval; fax same to C. Vacca | .20 |
| 05/08/08 | CJU | Review and calendar notice of objection deadline for Bank of America settlement; edit and cause COS to be filed and served re: same | .10 |
| 09/22/08 | CJU | Phone discussion with S. Souza and M. Rodrigues re: settlement | .20 |
| 09/22/08 | CJU | Confer with H. Murphy re: same and follow-up phone calls with S. Souza and M. Rodrigues re: acceptance of offers and settlement procedure | .20 |
| 09/22/08 | CJU | Draft and edit settlement stipulations and motions to approve for each of S. Souza and M. Rodrigues | 1.30 |
| 09/30/08 | CJU | Phone discussion with S. Souza; finalize and email settlement agreement to S. Souza | .10 |
| 10/17/08 | CJU | Draft cover letter to M. Rodrigues with proposed settlement | .10 |

| | | agreement; email to S. Souza re: status of settlement agreement execution and payment | |
|---|---|---|---|
| 11/24/08 | CJU | Phone calls to S. Souza and to M. Rodrigues re: status of settlement agreements and payments | .10 |
| 11/25/08 | CJU | Email to S. Souza re: status of settlement payment and documents | .10 |
| 01/07/09 | CJU | Send letters and emails with settlement agreement to S. Souza and M. Rodrigues requesting execution and payment | .40 |
| 01/07/09 | CJU | Draft and edit four subpoenas duces tecum/depositions regarding post-default judgment execution/collection | 1.30 |
| 01/16/09 | CJU | Confer with E. Jeffery re: subpoenas to major banks for information on default judgment defendants | .10 |
| 02/09/09 | AGL | Review memo from C. Urbano re: depositions; research rules on execution, relief from judgment | .50 |
| 02/09/09 | CJU | Phone discussion with D. Orkin, counsel for M. DeSousa re: default judgment and settlement offer before deposition | .20 |
| 02/09/09 | CJU | Confer with A. Lizotte re: execution and depositions | .20 |
| 02/09/09 | CJU | Follow-up phone call with M. DeSousa re: informal meeting re: financials | .20 |
| 02/09/09 | CJU | Phone discussion with M. DeSousa re: default judgment, deposition, and settlement offer | .50 |
| 02/09/09 | CJU | Prepare for deposition of Camargo and J. Santo; email to A. Lizotte | .80 |
| 02/10/09 | CJU | Prepare for deposition of Marcelo Santos | .20 |
| 02/10/09 | CJU | Prepare for informal interview with M. DeSousa re: default judgment and collections; settlement offer | .20 |
| 02/10/09 | CJU | Phone discussion with M. DeSousa and prepare sworn statement of assets/liabilities and income | .60 |
| 02/10/09 | CJU | Meet with M. DeSousa and receive sworn financial statement and other materials relating to settlement offer | .60 |
| 02/18/09 | CJU | Send detailed email to H. Murphy re: status of UFTA action and settlement offer made by M. DeSousa | .30 |
| 03/03/09 | CJU | Review draft writs of execution and obtain copies of default judgments | .20 |
| 03/03/09 | CJU | Review procedure for obtaining executions on default judgments | .40 |
| 03/04/09 | CJU | Finalize and cause executions to be filed and executed | .20 |
| 07/07/09 | CJU | Confer with H. Murphy re: DeSousa settlement offer and counteroffer | .10 |
| 07/14/09 | CJU | Phone discussion with M. DeSousa re: trustee's counteroffer for settlement of default judgment and execution | .10 |
| 07/14/09 | CJU | Draft follow-up letters to Souza and Rodrigues demanding execution of settlement agreements and settlement payments | .70 |
| 02/23/10 | CJU | Review files for each defendant and draft discovery plan and discovery plan motion to address multiple defendant status | 1.40 |
| 02/24/10 | CJU | Phone discussion with Ribeiro's daughter re: verification of | .10 |

|  |  | Ribeiro's death and status of case |  |
|---|---|---|---|
| 02/24/10 | CJU | Draft, edit and file motion for default judgment against Souza, and related affidavit and order | .40 |
| 02/24/10 | CJU | Draft, edit and file motion for discovery plan and related discovery plan | .80 |
| 02/25/10 | CJU | Phone discussion with S. Souza re: settlement; file notice of withdrawal of motion for default judgment | .10 |
| 02/25/10 | CJU | Edit and file motion to approve stipulation as previously agreed with Souza based upon prior settlement payment and execution of agreement | .60 |
| 03/12/10 | CJU | Draft and edit plaintiff's initial disclosures | .80 |
| 03/15/10 | CJU | Finalize and serve initial disclosures on Souza, Ribeiro, Rodrigues and Almeida | .10 |
| 05/17/10 | CJU | Draft discovery to M. Rodrigues | 1.50 |
| 05/19/10 | CJU | Finalize and serve discovery requests to M. Rodrigues | .60 |
| 09/14/10 | KRC | Review and revise application to employ Verdolino & Lowey; forward to Verdolino & Lowey for preparation of affidavit | .20 |
| 05/16/12 | JCE | Analysis of status of Camargo adversary proceeding | .90 |
| 05/17/12 | JCE | Conference with K. Cruickshank re: closing adversary proceeding; preparation of statement for filing re: closing adversary | 1.00 |
| 05/17/12 | KRC | Conference with J. Elstad regarding outstanding matters in case; review claims | .40 |
| 05/17/12 | KRC | Conference with H. Murphy; review and revise statement regarding adversary proceeding; coordinate service and filing of same | .80 |
| 07/19/12 | KRC | Draft claims objection; coordinate service and filing | .70 |
| 07/31/12 | KRC | Coordinate service of notice of hearing with respect to objection to claims | .10 |
| 08/28/12 | KRC | Telephone call with P. Gallagher regarding trustee's objection to claims | .20 |
| 08/28/12 | KRC | Review stipulation of settlement per information requested by Internal Revenue Service in response to objection to claim; review document | .50 |
| 09/19/12 | KRC | Prepare for hearing on objection to IRS claim; review case law; draft hearing agenda and proposed order; coordinate service and filing of same | 1.00 |
| 09/20/12 | CEW | Conference with K. Cruickshank re: Trustee's investigation of Camargo note | .10 |
| 09/20/12 | KRC | Prepare for hearing on objection to IRS claim | .50 |
| 09/20/12 | KRC | Attend hearing on objection to IRS claim | 1.00 |
| 09/25/12 | CEW | Listen to 341 recording; draft outline of recording for attorney review | .60 |
| 09/25/12 | KRC | Review documents in preparation for filing affidavit; draft affidavit of H. Murphy | .70 |

| 09/26/12 | CEW | Review files for work performed on behalf of Trustee re: Camorga loan | .80 |
| 09/26/12 | KRC | Conference with C. Wilkins regarding documents reviewed in preparation for filing affidavit | .10 |
| 09/26/12 | KRC | Review notes from file in preparation for filing affidavit | .50 |
| 09/27/12 | KRC | Conference with H. Murphy regarding affidavit | .10 |
| 09/27/12 | KRC | Revise affidavit per comments of H. Murphy | .50 |
| 09/27/12 | KRC | Further conference with H. Murphy regarding affidavit; revise same | .80 |
| 09/27/12 | KRC | Continue to draft H. Murphy affidavit | 1.30 |
| 11/02/12 | KRC | Review court opinion on objection to IRS claim | .30 |
| 11/12/12 | KRC | Continue to work on fee applications | 1.10 |
| 11/30/12 | KRC | Continue to work on fee applications | 1.30 |
| 12/03/12 | KRC | Continue to draft fee application | .50 |

| **Attorney** | **Hours** | **Rate** | **Amount** |
| --- | --- | --- | --- |
| ANDREW G. LIZOTTE | .50 | 425.00 | 212.50 |
| CHRISTIAN J. URBANO | 3.40 | 275.00 | 935.00 |
| CHRISTIAN J. URBANO | 22.00 | 290.00 | 6,380.00 |
| CHRISTIAN J. URBANO | 9.20 | 315.00 | 2,898.00 |
| CHRISTIAN J. URBANO | .90 | 335.00 | 301.50 |
| CHRISTIAN J. URBANO | 6.40 | 350.00 | 2,240.00 |
| CHRISTINE E WILKINS | 1.50 | 180.00 | 270.00 |
| D. ETHAN JEFFERY | 2.50 | 375.00 | 937.50 |
| D. ETHAN JEFFERY | 4.60 | 390.00 | 1,794.00 |
| JOHN C. ELSTAD | 1.90 | 430.00 | 817.00 |
| KATHLEEN R. CRUICKSHANK | 1.20 | 350.00 | 420.00 |
| KATHLEEN R. CRUICKSHANK | .20 | 395.00 | 79.00 |
| KATHLEEN R. CRUICKSHANK | 11.90 | 435.00 | 5,176.50 |
| KATHLEEN R. CRUICKSHANK | .50 | 450.00 | 225.00 |

**Total Fees**                                        $22,686.00

643840-v1

# Exhibit D

**Exhibit D: Expenses**

*Application for Compensation and Reimbursement of Expenses by Murphy & King,*
*Professional Corporation, Counsel to the Chapter 7*

| Disbursements | Amount |
|---|---|
| Constable/Sheriff/Process Services | 451.00 |
| Court Reporters | 260.00 |
| Delivery/Federal Express | 151.31 |
| Filing/Recording Fee | 36.00 |
| Pacer Research | 0.40 |
| Photocopying/Imaging In-House | 770.40 |
| Postage | 276.51 |
| Telefax | 51.00 |
| Telephone | 8.53 |
| Westlaw Research | 30.79 |
| **Total Disbursements** | $2,035.94 |

643842-v1